Bell, J.
 

 This record presents two major questions: (a) Did the Court of Appeals err in concluding that the Court of Common Pleas was without jurisdiction to declare certain deeds executed and delivered after July 15, 1944, by the auditor, George P. Daniels, null and void, and to order the retransfer of the property to' the owners of record prior to the auditor’s sale?
 

 (b) Did the Court of Appeals err in reversing that part of the judgment of the Court of Common Pleas finding George P. Daniels, auditor of Meigs county, guilty of contempt of court?
 

 Before we proceed to the first major question, it should be pointed out that this proceeding was instituted originally under and by virtue of the provisions of the statute relating to delinquent lands. A casual reading of Sections 5718-1, 5718-la, 5718-1& and 5718-lc, General Code, makes it clearly evident that the proceeding contemplated by those sections is not adversary in character; that the only parties to such pro
 
 *594
 
 ceeding are the members of the board of revision; and that the- ultimate purpose of the proceeding is to secure the confirmation by the Court of Common Pleas of the action of such board with reference to delinquent lands located within the county. In the instant proceeding that purpose was accomplished by the entry of June 16, 1944.
 

 As hereinbefore stated, the court on July 15, 1944, modified the entry of confirmation dated June 16, by an order that certain lands, lots and parts of lots included in the original entry should be stricken from, the omitted list and re-entered upon the tax duplicate.
 

 The modifying entry of July 15 precipitated the present controversy.
 

 Between July 15 and August 9, 1944, the auditor of Meigs county conducted a sale of certain of the lands, lots and parts of lots, which the court had ordered stricken from the omitted list and re-entered on the tax duplicate. Thereafter the auditor executed and delivered deeds to the purchasers thereof.
 

 The record is devoid of an order making new parties. However, the persons styled as appellants here filed in the trial court a joint motion that certain
 
 persons
 
 named therein who purchased the lands at the audit- or’s sale, and George P. Daniels, the auditor, be cited to appear and show cause why they should not be punished for contempt. Upon hearing of that motion on August 21, 1944, the court made the entry set forth in the statement of facts which was the basis of the appeal to the .Court of Appeals.
 

 Coming now to a consideration of the first question and keeping in mind that the only matter before the court was a motion that certain named persons be cited to show cause why they should not be punished for contempt, we encounter no great difficulty with that question.
 

 We deem it to be elementary that upon the hearing
 
 *595
 
 of the motion to show cause why certain named persons should not be punished for contempt the trial court was without jurisdiction to determine any question of title to real estate and we conclude as did the Court of Appeals that the trial court erred in declaring' that the auditor’s deeds executed and delivered after July 15, 1944, were null and void. What, if any, title was acquired by the purchasers at the auditor’s sale is a matter for adjudication in a proper proceeding brought for the purpose of determining that question and is not presently before this court. No bill of exceptions is necessary to disclose the commission of this error by the trial court.
 

 That brings us to the second major question. The power of a court to punish for contempt is ah inherent power and is not dependent upon legislative sanction. However, where the General Assembly has prescribed the procedure for the exercise of the power it is the duty of the court to follow such procedure. Therefore upon the granting of the motion to show cause why the persons named therein should not be punished for contempt the court should have proceeded in accordance with the statutes relating to contempt of court. (Section 12136
 
 et seq.,
 
 General Code.)
 

 Contempts may be divided into two general classes, direct and indirect. A direct contempt is one committed in the presence of or so near the court as to obstruct the due and orderly administration of justice, and punishment therefor may be imposed summarily without the filing of charges or the issuance of process. (Section 12136, General Code.)
 

 An indirect contempt is one committed outside the presence of the court but which also tends to obstruct the due and orderly administration of justice. Certain acts which constitute indirect contempts are -defined by Section 12137, General Code.
 

 The alleged contempt in the instant case clearly
 
 *596
 
 comes within the provisions of that section, which reads in part as follows:
 

 “A person guilty of any of the following acts may he punished as for a contempt:
 

 “1. Disobedience of, or resistance to, a lawful writ, -process, order, rule, judgment, or command of a court or an officer; * *
 

 The procedure in cases of indirect contempt is prescribed by Sections 12138 to 12142, both inclusive, General Code.
 

 Where a person is charged with contempt under the provisions of Section 12137, General Code, the statute contemplates an adversary proceeding. Section 12138, General Code, provides that charges in writing shall be filed with the clerk, an entry thereof made on the journal and an opportunity given to the accused to be heard by himself -or counsel.
 

 Here the statutory provisions were not complied with, but the auditor made no objection to the procedure adopted.
 

 It is now too late for him to complain of the irregularity of the court in failing to require written charges. Had he requested that Section 12138, General Code, be complied with and had such request been refused, a different situation would have been presented. He had the right to waive compliance with the statute, which he did by his failure to seasonably object to the procedure employed.
 

 The record discloses that the trial court heard evidence upon the question of whether Daniels as auditor had wilfully violated the order of July 15, 1944, and the finding of guilty was based upon such evidence..
 

 When the cause was presented to the Court of Appeals, that court, in the absence of a bill of exceptions, of necessity was confined to an examination of the docket and journal entries and the original papers.
 
 *597
 
 We think that the error of the trial court, if any, in finding Daniels guilty of contempt must necessarily have been dependent upon the evidence adduced at the hearing and was one that could be disclosed only by a bill of exceptions. The Court of Appeals reversed the finding of the trial court also upon that branch of the proceeding. The entry as to that feature reads as follows: “ * * * and further finds that the appellant, George P. Daniels, auditor of Meigs county, Ohio, was unlawfully convicted of contempt of court.”
 

 This court adheres to the' generally accepted rule that when an appeal is taken on questions of law and the errors assigned are such as can be disclosed only by a bill of exceptions it is mandatory that a bill of exceptions be filed within the time prescribed by law, and where no bill of exceptions is so filed, the reviewing court has no alternative but to affirm the judgment. See
 
 Townsend
 
 v.
 
 Harrison,
 
 58 Ohio St., 398, 50 N. E., 985, and
 
 Tenesy
 
 v.
 
 City of Cleveland,
 
 133 Ohio St., 251, 13 N. E. (2d), 122.
 

 In the
 
 Townsend case, supra,
 
 at page 400, we find this language:
 

 “As the bill of exceptions was not filed in this court within six months it forms no part of the record, and with it out, the petition in error assigns no cause of error upon the record, but this is no ground for a dismissal of the petition in error, but is a good ground for affirming the judgment.
 

 “As the court has been compelled to look into the record in passing upon the motion to dismiss, and finding the condition of the record, the court will not lay the case aside to be taken up in its order, but will at once affirm the judgment.”
 

 In the
 
 Tenesy case, supra,
 
 the syllabus reads as follows :
 

 “1. When an appeal is taken on questions of law, it
 
 *598
 
 is mandatory that a hill of exceptions be filed in the trial court within the forty-day limitation prescribed by Section 11564, General Code, to enable a reviewing-court to consider the contents of such bill.
 

 “2.
 
 Where such bill of exceptions is not filed in the trial court within the time so prescribed, and the errors assigned are such as can be disclosed only by a bill of exceptions, the reviewing court has no alternative but to affirm the judgment.”
 

 There a bill of. exceptions was filed but not within the time prescribed by law.' The rule announced, however, applies with equal force to a cause wherein no •bill of exceptions was filed at any time.
 

 We have found no case which holds that where appellant fails to file a bill of exceptions he may profit by his own failure.
 

 The rule announced in the
 
 Townsend
 
 and
 
 Tenesy 'eases, supra,
 
 applies in civil, ^¿así-criminal and criminal cases.
 

 If we revert to the opinion of the Court of Appeals we find this statement:
 

 “A reviewing court cannot assume in a contempt proceeding, in the absence of evidence to the contrary, that the action of the trial court was correct and lawful. ’ ’
 

 If that be a correct statement of law it certainly has no application to a proceeding such as this. It is true that the quoted language from the Court of Appeals opinion is based upon a statement in the text found in 9 Ohio Jurisprudence, 186, Section 97. However, the authority for that statement is the case of
 
 Hunt
 
 v.
 
 State,
 
 5 C. C. (N. S.), 621, 17 C. D., 16. An examination of that case will disclose that the court was not considering a cause wherein the party complaining had failed to file a bill of exceptions.
 

 If the rule pronounced by the Court of Appeals be correct, when applied to a situation such as here pre
 
 *599
 
 sented, it would mean that when a person is convicted of an indirect contempt of court he could file an appeal upon questions of law and fail to file a bill of exceptions containing the evidence upon which his conviction was based, and the reviewing court could reverse such conviction. Such a rule cannot find sanction either in logic or in law.
 

 In our opinion the Court of Appeals was correct in reversing the judgment of the trial court wherein that court declared the auditor’s deeds null and void, and erred in reversing the judgment of the trial court holding George P. Daniels, auditor, in contempt of court for violating the entry of July 15, 1944.
 

 The cause is remanded to the Court of Common Pleas for further proceedings not inconsistent with this opinion.
 

 Judgment reversed in part and affirmed in part.
 

 Weygandt, C. J., Zimmerman, Williams, Matthias and Hart, JJ., concur.
 

 Turner, J., dissents from affirming any part of the judgment of the Court of Appeals.