HALL (BISHOP), APPELLEE, *v.* TICHENOUR, ADMR., BUREAU OF UNEMPLOYMENT COMPENSATION, APPELLANT.

(No. 692—Decided January 4, 1960.)

*Mr. Mark McElroy*, attorney general, and *Mr. Daniel T. Lehigh*, for appellant.

*Messrs Bannon, Howland, McCurdy & Dever*, for appellee.

COLLIER, J. This is an appeal on questions of law from a judgment of the Common Pleas Court of Scioto County sustaining the motion of the claimant, appellee herein, to remand this cause to the Board of Review, Bureau of Unemployment Compensation of Ohio, for the purpose of affording the claimant a rehearing and having a rehearing record made. Edith G. Hall (Bishop), the appellee in this court, will be referred to herein as the claimant and James R. Tichenour, appellant herein, will be referred to as the administrator.

No bill of exceptions was filed, and, this being an appeal on questions of law, we are confined in our consideration of this case to the original papers and judgment entries. Section 4141.28, Revised Code, conferring the right of appeal in actions of this kind, provides that a bill of exceptions shall not be required in perfecting an appeal from a decision of the Board of Review to the Common Pleas Court. However, the same statute provides, "any interested party shall have the right to appeal from the decision of the court as in civil cases." And it is a well established rule that in an appeal on questions of law, in the absence of a bill of exceptions, only the original papers, pleadings and journal entries in the lower court may be considered by a reviewing court. 4 Ohio Jurisprudence (2d), 565, Section 1202; *In the Matter of Lands, Lots or Parts of Lots,* 146 Ohio St., 589, 67 N. E. (2d), 433.

Without a bill of exceptions before us, we have no authority to consider the proceedings in a prior action in the Common Pleas Court involving the same claim or the many letters exchanged in correspondance between the Board of Review and claimant's counsel, referred to in the briefs.

The notice of appeal filed on April 20, 1959, by the claimant in the Common Pleas Court states there was no rehearing in this cause by the Board of Review and that the appeal is from the original decision of the board. The claimant's motion, filed in the Common Pleas Court on June 29, 1959, seeks an order of the court requiring the Board of Review to file a transcript of the proceedings before the board with the clerk of courts. The judgment entry sustaining that motion, from which the administrator has perfected his appeal on questions of law to this court, orders and directs that this cause be remanded to the Board of Review for the purpose of affording appellant a rehearing and having a rehearing record made.

Section 4141.28, Revised Code, as amended (126 Ohio Laws, 337, 348), effective October 10, 1955, which controls this proceeding, so far as pertinent, provides:

"Any interested party may, within thirty days after notice of the *decision of the board on rehearing* was mailed to the last known post-office address of all interested parties, appeal from the *decision of the board on rehearing* to the Court of Common

Pleas of the county wherein the appellant, if an employee, is resident * * *. The board, upon written demand filed by an appellant shall within thirty days after the filing of such demand file with the clerk a certified transcript of the record of the *proceedings on rehearing* before the board pertaining to the decision complained of, and the appeal shall be heard upon such record certified by the board. * * *'' (Emphasis added.)

It is apparent that the only right of appeal conferred by the statute is from a decision of the board on rehearing. Also, . that the only certified transcript of the record of the proceedings before the board which the board is required to file with the clerk of courts is the record of the proceedings on rehearing, and the appeal shall be heard in the Common Pleas Court upon such record. There is no statutory provision for an appeal from an original decision of the board. Such appeal may be perfected only after a rehearing on the original decision of the board.

This identical question was before the Court of Appeals for Montgomery County in the case of *Dilatush* v. *Board of Review*, 107 Ohio App., 551, 160 N. E. (2d), 309, in which paragraph two of the syllabus reads:

"The provision of Section 4141.28, Revised Code, for a rehearing by the Unemployment Compensation Board of Review before an appeal may be taken is a jurisdictional requirement and is constitutional.''

We concur in the conclusion reached in the *Dilatush case*, that the only statutory appeal authorized by Section 4141.28, Revised Code, *supra*, as then in effect, is from a decision on rehearing by the board. The recent amendment of this statute by the Legislature is of no avail to the claimant in the instant case.

It has been held in *American Restaurant & Lunch Co.* v. *Glander, Tax Commr.*, 147 Ohio St., 147, 70 N. E. (2d), 93:

"1. Where a statute confers the right of appeal, adherence to the conditions thereby imposed is essential to the enjoyment of the right conferred.''

Our conclusion is that Section 4141.28, Revised Code, *supra*, in effect at the time of this proceeding, conferred the right of appeal only from a decision on a rehearing by the Board of

Review; that the attempted appeal in the instant case by the claimant from the original decision of the board was unauthorized by statute; that the Common Pleas Court was without jurisdiction to entertain such appeal; and that the judgment sustaining claimant's motion to remand the cause to the Board of Review is a nullity. Therefore, the judgment is reversed, and final judgment is rendered for the appellant.

*Judgment reversed.*

GILLEN, P. J., and RADCLIFF, J., concur.