FEDERAL LAND BANK ASSOCIATION OF FOSTORIA, Appellee,

v.

WALTON et al., Appellees,

Manogg, Appellant.

[Cite as *Fed. Land Bank Assn. of Fostoria v. Walton* (1995), 99 Ohio App.3d 729.]

Court of Appeals of Ohio,
Third District, Wyandot County.

No. 16–94–7.

Decided Jan. 11, 1995.

*Bernard Bauer,* for appellee Federal Land Bank.

*Charles Bartholomew,* Prosecuting Attorney, for appellees.

*Philip M. Manogg, pro se.*

EVANS, Judge.

Contemnor-appellant Philip M. Manogg appeals from a judgment of the Court of Common Pleas of Wyandot County finding him in direct contempt of court. For the reasons that follow, the judgment of the trial court is affirmed.

## I

The appellant's contempt citation arose during the course of a fraudulent conveyance action instituted by the Federal Land Bank Association of Fostoria against William J. Walton and several other named defendants, including the appellant, who is an attorney representing himself in the above-captioned case. The Chief Justice of the Supreme Court of Ohio assigned the Honorable Robert D. Walker to preside over the fraudulent conveyance action in the Court of Common Pleas of Wyandot County. The relevant evidence, as derived from the transcript before this court, may be summarized as follows.

On August 9, 1994, Judge Robert D. Walker presided over a hearing on the plaintiff's motion for summary judgment in the fraudulent conveyance case. The appellant prepared and served copies of a memorandum opposing the plaintiff's motion for summary judgment on all the parties involved with the litigation. The appellant filed the original memorandum opposing the plaintiff's motion for

summary judgment with the Wyandot County Clerk of Courts on August 8, 1994. This memorandum contained the following language:

" * * * Plaintiff is ESTOPPED from joining in Manogg and Wheatley Company, an Ohio Corporation at this time. All of the defendants now made a party to plaintiffs and Walker fraud applied to the court to be made parties earlier. [*Sic.*]" * * *

At the August 9, 1994 hearing, the following exchange between Judge Walker and the appellant occurred:

"THE COURT: This Court set this matter down for hearing and before the Court[.] Mr. Manogg suggested that there was probably some issues for a jury trial. The Court responded thereto indicating that it would not entertain any jury trial as this case was primarily a real estate case and that it did not require a jury. * * * Mr. Manogg on August 8th, I believe, is that correct Mr. Manogg you filed a—

"MR. MANOGG: I don't know what date it was filed.

"THE COURT: Memorandum in opposition to plaintiff and Beitler motions for summary judgment.

"MR. MANOGG: I prepared it, I didn't file it personally.

"THE COURT: You sent it by mail?

"MR. MANOGG: Right.

"THE COURT: To the—This is the document if you were to look at this, come up to the bench; is that the document?

"MR. MANOGG: Yes, sir.

"THE COURT: On page three of this document it has been acknowledged as prepared by Mr. Manogg, the last line is noteworthy. I'm going to read the entire third paragraph, 'Plaintiff is estopped from joining in Manogg and Wheatley Company, an Ohio Corporation, at this time. *All of the defendants now made a party to plaintiff's and Walker fraud apply to the Court to be made parties earlier.'* [*Sic.*] [Emphasis added.]

"I'm reading over, Mr. Manogg. You've indicated to the court that this is your document, your handwriting, you did it; is that correct[?]

"MR. MANOGG: Certainly.

"THE COURT: Very well, sir, you are in contempt of this Court, you are going to be fined five hundred dollars and you are going to be committed to the Wyandot County jail there to stay for a period of thirty days, effective right now.

"MR. MANOGG: May I ask a question sir?

"(THEREUPON MR. MANOGG WAS ESCORTED OUT OF THE COURT-ROOM BY THE WYANDOT COUNTY SHERIFF'S DEPARTMENT.)"

The trial court incorporated its contempt citation into a judgment entry dated August 9, 1994. In that entry, the trial court reduced the appellant's fine from $500 to $250, but did not reduce the appellant's jail time. From that sentence the appellant brings this appeal. This court stayed the sentence pending the appeal.

## II

The appellant presents the following nine related assignments of error for our review:

### ASSIGNMENT OF ERROR NO. 1

"The trial court erred when it conducted the contempt proceedings without affording defendant due process of law in violation of the U.S. and Ohio Constitutions."

### ASSIGNMENT OF ERROR NO. 2

"The trial court erred when it did not provide defendant with any notice of the nature and type of charges against him nor any notice of the nature and type of proceedings being conducted."

### ASSIGNMENT OF ERROR NO. 3

"The trial court erred when it conducted the contempt proceeding without allowing defendant to have assistance of counsel."

### ASSIGNMENT OF ERROR NO. 4

"The court erred when it refused to provide defendant with an opportunity to cross-examine witnesses against him and/or to present evidence in his defense or in mitigation of sentence."

### ASSIGNMENT OF ERROR NO. 5

"The trial court erred when it 'compelled' or 'tricked' defendant into testifying against himself in violation of his Fifth Amendment rights."

### ASSIGNMENT OF ERROR NO. 6

"The trial court erred in not recusing himself from being the trial judge for the contempt proceedings."

### ASSIGNMENT OF ERROR NO. 7

"The trial court erred in proceeding summarily to 'Try' and sentence defendant."

### ASSIGNMENT OF ERROR NO. 8

"The trial court erred in finding defendant in contempt of court."

### ASSIGNMENT OF ERROR NO. 9

"The trial court abused its discretion when it sentenced defendant to 30 days in jail as well as a $250 fine."

■ The appellant's first assignment of error attacks the validity of the trial court's order finding him in direct contempt. Since the balance of the appellant's assignments of error are concomitantly related to the first, their viability hinges on our determination of his first assignment of error.

In *Windham Bank v. Tomaszczyk* (1971), 27 Ohio St.2d 55, 56 O.O.2d 31, 271 N.E.2d 815, paragraph one of the syllabus, the Supreme Court of Ohio defined "contempt of court" as "disobedience of an order of a court. It is conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede, or obstruct a court in the performance of its function." In *Denovchek v. Trumbull Cty. Commrs.* (1988), 36 Ohio St.3d 14, 16, 520 N.E.2d 1362, 1364, the Supreme Court of Ohio noted that "since the primary interest involved in a contempt proceeding is the authority and proper functioning of the court, great reliance should be placed upon the discretion of the trial judge."

■ Contempt is classified as either civil contempt or criminal contempt. *Denovchek, supra; Brown v. Executive 200, Inc.* (1980), 64 Ohio St.2d 250, 253, 18 O.O.3d 446, 448, 416 N.E.2d 610, 613. The purpose of a civil contempt citation is to coerce, whereas the purpose of criminal contempt is to punish. *Id.* In the instant cause, the purpose of the contempt sanction was to punish the appellant for his completed act of disobedience, *i.e.*, declaring the trial court judge a fraud in official court papers filed with the court and served on the various parties involved in the litigation. Therefore, his contempt sanction falls within the category of criminal contempt.

■ Criminal contempt may be direct or indirect. Direct contempt is misbehavior "committed in the presence of or so near the court as to obstruct the due and orderly administration of justice, and punishment therefor may be imposed summarily without the filing of charges or the issuance of process." *In re Lands* (1946), 146 Ohio St. 589, 595, 33 O.O. 80, 82, 67 N.E.2d 433, 437. In contrast, "[a]n indirect contempt of court is one committed outside the presence of the

court but which also tends to obstruct the due and orderly administration of justice." *Id.*

Courts have the discretion and power to determine the kind and character of conduct which constitutes direct contempt of court. *State v. Kilbane* (1980), 61 Ohio St.2d 201, 15 O.O.3d 221, 400 N.E.2d 386, paragraph one of the syllabus. Direct contempt need not occur in the immediate presence of the court, so long as the contemptuous act tends to obstruct justice or interfere with the actions of the court in the courtroom itself. *In re Estate of Wright* (1956), 165 Ohio St. 15, 26, 59 O.O. 37, 43, 133 N.E.2d 350, 357.

In this case, the appellant's actions constituted direct contempt. The appellant prepared an official memorandum and filed it with the clerk of courts knowing that the trial judge would read it. The appellant served copies of the memorandum on all the parties involved in the litigation. The trial judge read the memorandum in his chambers. At the August 9 hearing, the appellant admitted that he had prepared and filed the memorandum that accused the judge of engaging in a fraud. The appellant's actions were tantamount to calling the trial court judge a fraud in open court and were designed to disrupt the court proceedings set for the August 9 hearing on the plaintiff's motion for summary judgment.

While the appellant's contumacious acts did not occur in the actual presence of the trial judge, the acts of filing the memorandum with the clerk of courts and serving the memorandum on all the parties involved in the litigation sufficiently involved court personnel and officers of the court so as to occur within the constructive presence of the trial judge. *State ex rel. Seventh Urban, Inc. v. McFaul* (1983), 5 Ohio St.3d 120, 5 OBR 255, 449 N.E.2d 445, syllabus; *State v. Local Union 5760* (1961), 172 Ohio St. 75, 15 O.O.2d 133, 173 N.E.2d 331, overruled as to the standard of proof required to establish criminal contempt by *Brown v. Executive 200, Inc., supra,* 64 Ohio St.2d at 252, 18 O.O.3d at 448, 416 N.E.2d at 612, fn. 1. Furthermore, the appellant's act of attacking the trial judge's ability to neutrally and impartially manage the litigation was so disruptive that it warranted a summary proceeding to suppress the court-disrupting misbehavior and to restore order to the proceedings. *In re Davis* (1991), 77 Ohio App.3d 257, 264, 602 N.E.2d 270, 275.

Direct contempt may be summarily punished. R.C. 2705.01 provides:

"A court, or judge at chambers, may summarily punish a person guilty of misbehavior in the presence of or so near the court or judge as to obstruct the administration of justice."

Thus, the procedural rights of due process that the appellant claims he has been denied are inapplicable since he was found in direct criminal contempt. See

*In re Lands,* 146 Ohio St. at 595, 33 O.O. at 82–83, 67 N.E.2d at 437; *In re McGinty* (1986), 30 Ohio App.3d 219, 223, 30 OBR 377, 380, 507 N.E.2d 441, 445.

The appellant's first assignment of error is overruled. Since the remaining eight assignments of error are derivative in nature from the appellant's first assignment of error, they are also overruled for the foregoing reasons.

### III

Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court. The stay of execution of the judgment finding the appellant in direct contempt and imposing sanctions entered by the Wyandot County Court of Common Pleas during the pendency of this appeal is lifted.

*Judgment affirmed.*

SHAW, P.J., and HADLEY, J., concur.