Plaintiff-appellant, Bradley D. Turner, appeals from a judgment of the Franklin County Court of Common Pleas, Domestic Relations Division, finding plaintiff guilty of contempt for failure to comply with visitation orders the court imposed.
Plaintiff and defendant-appellee, Angela D. Turner, were married in May of 1987. Two children were born of the marriage: Arika, born in June of 1987, and Astaria, born in March of 1989. The parties were divorced in June of 1990. At that time, they entered into a joint custody plan and incorporated it into their decree of divorce. Under the plan, the childrens' principle place of residence was to be with defendant. Plaintiff was to have reasonable and liberal visitation with his children and was to pay defendant child support.
By April 1995, however, plaintiff had assumed physical custody of the children, and he requested the court to reallocate the parties' parental rights and responsibilities. By entry dated July 28, 1995, plaintiff was named temporary residential parent and legal guardian of the children. His child support obligation was also suspended contingent on the two children actually residing with him. The court ultimately found a change in circumstances had occurred, and in the best interest of the children plaintiff should serve as the residential parent and legal custodian. Defendant was granted visitation of the children pursuant to Loc.R. 27 with certain modifications; plaintiff's child support obligation was terminated and defendant was ordered to pay child support.
On August 18, 1997, plaintiff filed a motion to find defendant in contempt for violation of court orders regarding visitation of the children. See R.C. 2705.031(B)(2). One month later, on September 12, 1997, defendant filed a similar motion to find plaintiff in contempt for violating the same court orders regarding visitation.
On January 29, 1998, the motions were heard before a magistrate, at which time plaintiff withdrew his motion to find defendant in contempt. Defendant, however, went forward with her motion, and, following the hearing, the magistrate found plaintiff in contempt for failure to comply with visitation orders regarding the weekend of December 19, 1997. According to the order, plaintiff could purge the contempt by providing defendant one compensatory visitation weekend in February or March of 1998.
After overruling plaintiff's timely filed objections to the magistrate's decision, the trial court adopted the magistrate's decision by entry dated July 7, 1998. Plaintiff timely appeals, assigning the following errors:
 I. THE TRIAL COURT ERRED AND ABUSED IT [SIC] DISCRETION IN ADOPTING THE REPORT OF THE MAGISTRATE WHICH WAS TAINTED BY A BIAS FOR THE MOTHER AND AGAINST THE FATHER.
 II. THE TRIAL COURT ERRED AND FAILED TO GRANT THE FATHER HIS RIGHT TO DUE PROCESS OF THE LAW BY SENTENCING HIM TO THREE (3) DAYS INCARCERATION WITHOUT AFFORDING PLAINTIFF A FAIR OPPORTUNITY TO DEFEND AGAINST THE ALLEGED FAILURE TO COMPLY WITH VISITATION ORDERS OF THE COURT ON DECEMBER 19, 1997.
 III. [THE] TRIAL COURT ERRED IN FAILING TO DISMISS [DEFENDANT(')S] MOTION FILED SEPTEMBER 12, 1997 FOR VAGUENESS AND ITS FAILURE TO SPECIFY THE ALLEGED ACTS CONSTITUTING CONTEMPT ON FATHER'S BEHALF.
 IV. THE TRIAL COURT ERRED BY CONSIDERING ACTIONS AND/OR OMISSIONS OCCURRING OUTSIDE THE SCOPE OF THE MOTHER'S MOTION AND THEREBY FINDING PLAINTIFF IN CONTEMPT EVEN AFTER THE FATHER DID ABIDE BY LOCAL RULE 27 OF FRANKLIN COUNTY.
Plaintiff's first assignment of error asserts the magistrate's decision was tainted and biased, but plaintiff does not address the assignment of error in his brief as required by App. R. 12(A)(2). Because plaintiff fails to set forth any reasons to support his first assignment of error, we decline to speculate on the basis for the assigned error and overrule it. Hawley v. Ritley (1988), 35 Ohio St.3d 157, 159
(finding an appellate court may rely on App. R. 12(A) in overruling or disregarding an assignment of error because of "the lack of briefing" on the assignment of error); see, also,Liggins v. Westminster Arms, Inc. (Dec. 22, 1998), Franklin App. No. 98AP-377, unreported (1998 Opinions 5869).
Plaintiff's second and fourth assignments of error contend plaintiff was denied his due process rights when he was found in contempt for actions that took place after defendant's motion for contempt was filed, thereby depriving him of sufficient notice and an opportunity to prepare an adequate defense. Defendant's September 12, 1997 motion for contempt alleged no specific acts of contempt, but asserted instead that plaintiff "has not abided by [the] court's visitation orders." At the contempt hearing in January 1998, plaintiff did not object to evidence tending to show that he had committed violations of the visitation orders, and ultimately plaintiff was found in contempt for acts that took place on December 19, 1997.
Two categories of contempt are recognized: direct and indirect. The process due to plaintiff depends upon what type of contempt is involved. Direct contempt encompasses conduct in the presence of the court which obstructs the administration of justice. R.C. 2705.01; In The Matter of Lands, Lots or Parts ofLots Omitted from Foreclosure Proceedings (1946), 146 Ohio St. 589. Since direct contempt interferes with the judicial process, the court may summarily deal with it in order to secure the uninterrupted and unimpeded administration of justice. R.C. 2705.01; In re Parker (1995), 105 Ohio App.3d 31,35; Windham Bank v. Tomaszczyk (1971), 27 Ohio St.2d 55, paragraph two of the syllabus. By contrast, plaintiff here was found guilty of indirect contempt: failing to obey a court order outside the presence of the court. Wolfrom v. Wolfrom,
(May 13, 1997), Franklin App. No. 96APE10-1308, unreported (1997 Opinions 1704); In re Parker, supra, at 34-35; cf.Courtney v. Courtney (1984), 16 Ohio App.3d 329 (finding failure to comply with a support order is indirect contempt).
Moreover, civil contempt is different than criminal contempt.ConTex, Inc. v. Consolidated Technologies, Inc. (1988), 40 Ohio App.3d 94,95; and Schrader v. Huff (1983), 8 Ohio App.3d 111,112. Criminal contempt proceedings vindicate the authority of the legal system and punish the party who offends the court,ConTex, Inc., supra, while civil contempt exists to coerce a party to comply with the order at issue. Pedone v. Pedone
(1983), 11 Ohio App.3d 164, 165. Contempt proceedings in domestic cases, as this case, are civil in nature, as any potential punishment is designed to coerce, or encourage, future compliance with the court order. Smith v. Smith (1980),70 Ohio App.2d 87, 89 (involving failure to abide by court ordered visitation civil contempt).
Due process must be observed in civil contempt proceedings.In re Oliver (1948), 333 U.S. 257, 274-275; and Simpson v.Simpson (1969), 19 Ohio App.2d 167, 168. Due process and the statutory provisions of R.C. 2705.03 require that an individual accused of indirect contempt be given "adequate notice, time to prepare any defense and an opportunity to be heard." Rose v.Rose (Mar. 31, 1997), Franklin App. No. 96APF09-1150, unreported (1997 Opinions 1136); see, also, Culberson v.Culberson (1978), 60 Ohio App.2d 304, 306. More specifically, due process requires that the alleged contemnor has the right to notice of the charges against him or her, a reasonable opportunity to defend against or explain such charges, representation by counsel, and the opportunity to testify and to call other witnesses, either by way of defense or explanation. Courtney, supra, at 332, quoting In re Oliver,at 275.
Given these parameters, the element of notice for a finding of indirect contempt is a prerequisite for a valid contempt finding. East Cleveland v. Reed (1977), 54 Ohio App.2d 147,150. Notice is sufficient when it appraises an alleged contemnor of the charges against him so that he or she is able to prepare a defense. Cincinnati v. Cincinnati District Council51 (1973), 35 Ohio St.2d 197, 203. While plaintiff does not dispute that he received notice of the contempt hearing, he asserts the notice was insufficient.
Plaintiff, however, waived his objection to the sufficiency of notice by appearing at the hearing and not raising the issue at that time. In The Matter of Lands, supra (finding that when statutory provisions in indirect contempt proceedings are not followed, any error is waived when no objections are made to the procedure adopted). Id. at 596. See, also, Lapkin v. Lapkin
(A.D. 1 Dept. 1996), 637 N.Y.S.2d 389, 390 (finding waiver of statutory protections afforded in contempt proceeding when defendant appeared and did not object to any alleged defects);First Midwest Bank/Danville v. Hoagland (Ill.App. 1993),613 N.E.2d 277, 287 (noting that an "alleged contemnor may waive formal written notice by voluntarily appearing in court and defending against the charge."); cf James v. James (Feb. 12, 1996), Butler App. No. CA95-08-147, unreported (holding that "[s]ince appellant was never served and did raise an objection to service on the record, we conclude that appellant was denied due process under Ohio law and the Constitution.").
Moreover, even if plaintiff did not waive his objection to the notice, the record fails to demonstrate that the insufficient notice prejudiced plaintiff. Among other things, plaintiff does not note how he would have presented a different defense if he had had knowledge that the December weekend would be the subject of the contempt hearing. In fact, plaintiff testified at the contempt hearing that he and the children were not at home on the weekend in December when appellee attempted to pick up the children for her visitation. See Cincinnati,supra (finding insufficient notice did not prejudice alleged contemnors who failed to advance any argument about defenses they would have mounted had they been given notice of the additional counts).
While the better practice is to give an alleged contemnor notice of the actions giving rise to the contempt allegations, under the facts of this case, the trial court did not err in allowing testimony regarding plaintiff's December acts and premising its finding of contempt on those acts. Accordingly, plaintiff's second and fourth assignments of error are overruled.
Plaintiff's third assignment of error asserts the trial court erred in failing to dismiss defendant's motion for contempt because the motion failed to specify the contemptuous acts. Plaintiff, however, did not raise the issue in the trial court. "[A]n appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." State v. 1981 Dodge Ram Van (1988), 36 Ohio St.3d 168,170, quoting State v. Childs (1968), 14 Ohio St.2d 56, paragraph three of the syllabus; see, also, Shover v.Cordis Corp. (1991), 61 Ohio St.3d 213, 220. Because plaintiff neither filed a motion to dismiss before defendant's motion for contempt was heard, nor orally requested that the motion be dismissed on the day of the hearing, plaintiff has waived any error. Plaintiff's third assignment of error is overruled.
Having overruled all of plaintiff's assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
BOWMAN and BROWN, JJ., concur.