[Cite as *Burchett v. Burchett*, **2017-Ohio-8124**.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY


JANE C. BURCHETT,
     nka WOLFINGER,            :

     Plaintiff-Appellee,            :     Case No.   16CA3784

     vs.                                :

KEITH BURCHETT,            :     DECISION AND JUDGMENT ENTRY


     Defendant-Appellant.       :
_____

APPEARANCES:

C. Andrew Sturgill, Portsmouth, Ohio, for appellant.

Justin R. Blume, Wheelersburg, Ohio, for appellee.
_____

CIVIL CASE FROM COMMON PLEAS COURT
DATE JOURNALIZED: 9-27-17
ABELE, J.

{¶ 1} This is an appeal from a Scioto County Common Pleas Court decision that dismissed post-divorce decree motions filed by Keith Burchett, defendant below and appellant herein. Appellant raises the following assignments of error for review:

> FIRST ASSIGNMENT OF ERROR:
>
> "THE TRIAL COURT ERRED IN CONSIDERING ITS OWN RESEARCH AND COMMUNICATIONS WITH THIRD PARTIES IN ITS DECISION DISMISSING APPELLANT'S CLAIMS FOR RELIEF."
>
> SECOND ASSIGNMENT OF ERROR:
>
> "THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S

CLAIMS WITHOUT HOLDING AN EVIDENTIARY HEARING WHEN THERE REMAINED QUESTIONS OF FACT TO BE DETERMINED."

THIRD ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S CLAIMS FOR RELIEF INASMUCH AS THE COURT'S DECISION DISMISSED APPELLANT'S MOTIONS ON THE GROUNDS THAT THE COURT LACKED PERSONAL OR SUBJECT MATTER JURISDICTION."

{¶ 2} In April 2000, appellant and Jane C. Burchett (nka Wolfinger), plaintiff below and appellee herein, divorced. The divorce decree awarded each party a one-half interest in the other's retirement funds earned during the marriage. With respect to appellee's retirement fund, the decree stated that appellant "shall be entitled to one-half of [appellee]'s pension with State Teacher's Retirement which was accumulated during the term of the marriage."

{¶ 3} In 2009, the trial court filed a Division of Property Order (DOPO) regarding appellee's retirement fund. The DOPO names appellant as an alternate payee and states that appellant is entitled to receive payment "[u]pon [appellee] receiving a payment from the Public Retirement Program." The DOPO further notifies appellee that his "right to payment under this Order is conditional on [appellee]'s right to a benefit payment or lump sum payment from the Public Retirement Program." The DOPO states that payments "shall commence as provided" under the applicable provisions of the Ohio Revised Code.

{¶ 4} On August 16, 2016, appellant filed a motion to show cause and a motion to enforce the divorce decree and DOPO. Appellant alleged that appellee has not elected to receive her retirement benefits in an attempt to purposely deprive appellant of his share of her STRS retirement benefits. Appellant contended that appellee's failure to elect to receive retirement

benefits "is in direct contradiction to the manifest intentions of the Court at the time the Court issued its prior orders." Appellant thus claimed that appellee is in contempt of the April 2000 divorce decree. Appellant alternatively requested the trial court to modify the DOPO in order to effectuate the parties' intentions at the time of the divorce decree.

{¶ 5} The trial court set a hearing date for appellant's contempt motion. Prior to the hearing date, appellee filed a motion to convert the hearing to a pre-trial conference and to allow appellee to appear by telephone. The court granted the motion.

{¶ 6} The record does not reveal what transpired at the pre-trial conference, but shortly thereafter, appellee filed a combined motion to dismiss appellant's two motions, a motion for sanctions, and a motion to strike. Appellee argued that she is not in contempt of the divorce decree because the decree does not require her to begin drawing her funds at a particular point in time, and thus, she cannot be found in contempt of a court order.

{¶ 7} Appellee also contended that the trial court lacked jurisdiction to grant appellant's request to modify the divorce decree or DOPO. Appellee contended that granting appellant's requested relief would essentially constitute an improper modification of the divorce decree. Appellee thus asserted that the trial court must dismiss appellant's motion to the extent it asked the court to modify the divorce decree or DOPO.

{¶ 8} In response, appellant claimed that "questions of fact" remain regarding the parties' intentions and the current status of appellee's interest in her retirement account.

{¶ 9} On November 17, 2016, the trial court determined that appellee is not contempt of any court order and overruled appellant's motions. The court found that even though appellee is not working, "she has not retired and cannot elect to take her retirement benefits from STRS

without a reduction in her benefits."   The court stated that until appellee elects to receive

benefits, appellant "cannot receive his portion of the benefits that have been determined to be his

by the previously filed DOPO."   The court concluded that because appellee has thus far

complied with the court's orders, it could not now impose additional requirements upon her or

appellant.   The court additionally indicated that it relied upon its "research * * * with legal

counsel from the Ohio STRS" to reach its decision.   The court noted, however, that it maintains

power to enforce its prior orders.   The court stated:

> As an aside, the Court notes that [appellant]'s portion of [appellee]'s retirement account is intact.   It is the belief of the Court that [appellee] cannot deprive [appellant] of his portion of the STRS retirement benefits.   The Court further believes that [appellant]'s motions, although being dismissed, may not be ripe for discussion.   Thus, any future scheme designed to deprive [appellant] of his court-ordered benefits may bring in to play the issue of 'ambiguity' of prior orders.   And, because [appellee] has yet to retire, the Court chooses not to address these issues as they are not ripe for discussion at this time.

This appeal followed.

I

{¶ 10} For ease of discussion, we first consider appellant's second assignment of error.

In his second assignment of error, appellant asserts that the trial court erred as a matter of law by

dismissing his contempt motion without holding an evidentiary hearing.   In particular, appellant

asserts that (1) the contempt statute requires the court to hold a hearing, and (2) the court

improperly dismissed his contempt motion when factual disputes remain.

{¶ 11} R.C. 2705.02(A) permits a court to "punish[] as for a contempt" a person the court

finds "guilty" of the following act, among others: "Disobedience of, or resistance to, a lawful

writ, process, order, rule, judgment, or command of a court or officer[.]"   A contempt charge

brought pursuant to R.C. 2705.02(A) must be in writing and filed with the clerk.  R.C. 2705.03.

Additionally, the court must afford the alleged contemnor an opportunity to be heard.  *Id.*

Furthermore, R.C. 2705.05(A) requires a court to conduct a hearing to "investigate the charge

and hear any answer or testimony that the accused makes or offers and shall determine whether

the accused is guilty of the contempt charge."

{¶ 12} "The purpose of a contempt hearing is to provide the accused with the opportunity

to explain his actions.  In contempt proceedings, the statutory provisions and due process require

that the accused be provided an opportunity to be heard."  *Hillman v. Edwards*, 10th Dist.

Franklin No. 10AP-950, 2011-Ohio-2677, ¶29 (citation omitted).  A trial court ordinarily has

discretion, however, when determining whether to afford the complainant a hearing.  *Id.*, citing

*Taylor v. Taylor*, 8th Dist. Cuyahoga No. 62249 (May 27, 1993); *Perry v. Emmett*, 8th Dist.

Cuyahoga No. 53997, 1988 WL 86722, *2 (June 16, 1988) ("In contempt proceedings the

statutory provisions allow only the accused an opportunity to be heard; therefore, it is within the

trial court's discretion to give the complainant an opportunity to be heard.  Appellant's argument

the trial court failed to give appellant, the complainant sub judice, an opportunity to be heard is,

therefore, meritless."); *accord State ex rel. DeWine v. C & D Disposal Techs., L.L.C.*, 7th Dist.

Jefferson No. 11 JE 19, 2012-Ohio-3005, 2012 WL 2522288, ¶28.

{¶ 13} In the case sub judice, we initially observe that the trial court originally scheduled

appellant's contempt motion for a hearing.  Appellee, however, requested the trial court to

convert the hearing to a pre-trial conference.  Appellant did not object, and the trial court

granted appellee's motion.  The trial court did not make a record of what transpired during the

pre-trial conference.  Appellee, however, subsequently filed her motion to dismiss.  The court

then set her motion for a non-oral hearing. Appellant responded to appellee's motion and did not object to the lack of an oral hearing concerning his contempt motion. Under these circumstances, we believe that appellant waived any arguable error associated with the court's decision not to hold a hearing on the contempt motion. *See Carr-Woodard v. Woodard,* 8th Dist. Cuyahoga No. 103283, 2016-Ohio-5134, quoting *Morgan v. Morgan*, 8th Dist. Cuyahoga No. 102498, 2016–Ohio–104, ¶9 (determining that trial court did not abuse its discretion by failing to hold hearing to consider contempt motion and stating that "'Ohio courts have consistently recognized that a trial court does not abuse its discretion in not conducting a hearing when the movant never requested one'").

{¶ 14} It is well-established that "'an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.'" *State v. Quarterman,* 140 Ohio St.3d 464, 2014–Ohio–4034, 19 N.E.3d 900, ¶15, quoting *State v. Awan,* 22 Ohio St.3d 120, 122, 489 N.E.2d 277 (1986), quoting *State v. Childs,* 14 Ohio St.2d 56, 236 N.E.2d 545 (1968), paragraph three of the syllabus. Appellate courts nevertheless have discretion to consider forfeited issues using a plain-error analysis. *E.g., Risner v. Ohio Dept. of Natural Resources, Ohio Div. of Wildlife,* 144 Ohio St.3d 278, 2015–Ohio–3731, 42 N.E.3d 718, ¶ 27; *Hill v. Urbana,* 79 Ohio St.3d 130, 133–34, 679 N.E.2d 1109 (1997), citing *In re M.D.,* 38 Ohio St.3d 149, 527 N.E.2d 286 (1988), syllabus (stating that "[e]ven where [forfeiture] is clear, [appellate] court[s] reserve[] the right to consider constitutional challenges to the application of statutes in specific cases of plain error or where the rights and interests involved may warrant it'"); *State v. Pyles,* 7th Dist. Mahoning No.

13–MA–22, 2015–Ohio–5594, ¶82, quoting *State v. Jones,* 7th Dist. No. 06–MA–109, 2008–Ohio–1541, ¶65 (explaining that the plain error doctrine "'is a wholly discretionary doctrine'"); *DeVan v. Cuyahoga Cty. Bd. of Revision,* 8th Dist. Cuyahoga No. 102945, 2015–Ohio–4279, ¶9 (noting that appellate court retains discretion to consider forfeited argument).  For the plain error doctrine to apply, the party claiming error must establish (1) that "'an error, *i.e.,* a deviation from a legal rule'" occurred, (2) that the error was "'an "obvious" defect in the trial proceedings,'" and (3) that this obvious error affected substantial rights, *i.e.,* the error "'must have affected the outcome of the trial.'"  *State v. Rogers,* 143 Ohio St.3d 385, 2015–Ohio–2459, 38 N.E.3d 860, ¶22, quoting *State v. Barnes,* 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002); *Schade v. Carnegie Body Co.,* 70 Ohio St.2d 207, 209, 436 N.E.2d 1001, 1003 (1982) ("A 'plain error' is obvious and prejudicial although neither objected to nor affirmatively waived which, if permitted, would have a material adverse affect on the character and public confidence in judicial proceedings.").

{¶ 15} The plain error doctrine is not, however, readily invoked in civil cases.  Instead, an appellate court "must proceed with the utmost caution" when applying the plain error doctrine in civil cases.  *Goldfuss v. Davidson,* 79 Ohio St.3d 116, 121, 679 N.E.2d 1099 (1997).  The Ohio Supreme Court has set a "very high standard" for invoking the plain error doctrine in a civil case.  *Perez v. Falls Financial, Inc.*, 87 Ohio St.3d 371, 721 N.E.2d 47 (2000).  Thus, "the doctrine is sharply limited to the *extremely rare* case involving *exceptional* circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself."  *Goldfuss,* 79 Ohio St.3d at 122, 679 N.E.2d 1099 (emphasis

*sic)*; *accord Gable v. Gates Mills,* 103 Ohio St.3d 449, 2004–Ohio–5719, 816 N.E.2d 1049, ¶43.

{¶ 16} In the case at bar, we do not believe that any error the trial court may have arguably committed by failing to hold a hearing regarding appellant's contempt motion seriously affects the basic fairness, integrity, or public reputation of the judicial process. Instead, appellant's (1) absence of an objection when the court converted the contempt hearing into a pre-trial conference, (2) participation in the pre-trial conference, (3) response to appellee's motion to dismiss, and (4) absence of an objection when the court set her motion for a non-oral hearing suggest that appellant acquiesced to the procedure the court employed. Therefore, appellant not only forfeited any arguable error that might be associated with the trial court's decision not to hold a hearing regarding his contempt motion, but he also invited any error by acquiescing to the court's procedure. *Goldfuss*, 79 Ohio St.3d at 121-122 (stating that party ordinarily should not be permitted to claim plain error when party invited the error); *see State v. Jackson*, 149 Ohio St.3d 55, 2016–Ohio–5488, 73 N.E.3d 414, ¶ 108, quoting *State ex rel. Kline v. Carroll*, 96 Ohio St.3d 404, 2002–Ohio–4849, 775 N.E.2d 517, ¶ 27 ("'Under [the invited-error] doctrine, a party is not entitled to take advantage of an error that he himself invited or induced the court to make'"); *id.* at ¶ 122 (noting that invited error doctrine applies "when a party * * * affirmatively consented to a procedure that the trial court proposed"); *State v. Rohrbaugh,* 126 Ohio St.3d 421, 2010–Ohio–3286, 934 N.E.2d 920, ¶7-10 (explaining that even plain error is waived when error is invited). Consequently, we reject appellant's argument that the trial court erred by failing to hold a hearing to consider his contempt motion.

{¶ 17} Appellant next asserts that disputed factual issues precluded the trial court from granting appellee's motion to dismiss his contempt motion. Initially, we observe that it is not

clear what particular legal standard the trial court applied when evaluating appellee's motion to dismiss appellant's contempt motion. In her motion to dismiss, appellee asserted that the court lacked personal jurisdiction over her and that it lacked subject matter jurisdiction to consider appellant's motions. On appeal, appellee asserts that appellant's contempt motion fails to state a claim for relief.

{¶ 18} Our review of the trial court's decision suggests that the trial court actually ruled upon the merits of appellant's contempt motion. The court does not appear to have dismissed appellant's motion based upon a lack of jurisdiction or failure to state a claim upon which relief may be granted. Therefore, we review appellant's second assignment of error using the standard of review applicable to trial court decisions regarding contempt motions.

{¶ 19} Generally, a trial court possesses broad discretion when considering a contempt motion. *State ex rel. Cincinnati Enquirer v. Hunter*, 138 Ohio St.3d 51, 2013-Ohio-5614, 3 N.E.3d 179, ¶29, citing *Denovchek v. Trumbull Cty. Bd. of Commrs.*, 36 Ohio St.3d 14, 16, 520 N.E.2d 1362 (1988) ("the primary interest involved in a contempt proceeding is the authority and proper functioning of the court, [and therefore] great reliance should be placed upon the discretion of the [court]"). Thus, absent an abuse of discretion, an appellate court will uphold a trial court's contempt decision. *E.g., id.*; *Welch v. Muir*, 4th Dist. No. 08CA32, 2009–Ohio–3575, ¶10. "'[A]buse of discretion' [means] an 'unreasonable, arbitrary, or unconscionable use of discretion, or * * * a view or action that no conscientious judge could honestly have taken.'" *State v. Kirkland,* 140 Ohio St.3d 73, 15 N.E.3d 818, 2014-Ohio-1966, ¶67, quoting *State v. Brady,* 119 Ohio St.3d 375, 2008-Ohio-4493, 894 N.E.2d 671, ¶23. "An abuse of discretion includes a situation in which a trial court did not engage in a "'sound

reasoning process.""" *State v. Darmond,* 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶34, quoting *State v. Morris,* 132 Ohio St.3d 337, 2012-Ohio-2407, 972 N.E.2d 528, ¶14, quoting *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.,* 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). The abuse-of-discretion standard is deferential and does not permit an appellate court to simply substitute its judgment for that of the trial court. *Darmond* at ¶ 34.

{¶ 20} In general, contemptuous conduct is conduct that "'brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions.'" *Denovchek v. Bd. of Trumbull Cty. Commrs.*, 36 Ohio St.3d 14, 15, 520 N.E.2d 1362 (1988), quoting *Windham Bank v. Tomaszczyk*, 27 Ohio St.2d 55, 271 N.E.2d 815 (1971), paragraph one of the syllabus. "The law of contempt is intended to uphold and ensure the effective administration of justice," "to secure the dignity of the court and to affirm the supremacy of law." *Cramer v. Petrie,* 70 Ohio St.3d 131, 133, 637 N.E.2d 882 (1994).

{¶ 21} Contempt may be civil or criminal and indirect or direct. Criminal contempt ordinarily involves "'offenses against the dignity or process of the court.'" *State ex rel. Johnson v. Cty. Court of Perry Cty.*, 25 Ohio St.3d 53, 55, 495 N.E.2d 16, 18–19, 25 O.B.R. 77 (1986), quoting *State v. Local Union 5760*, 172 Ohio St. 75, 82-83, 173 N.E.2d 331 (1961) (citations omitted). Civil contempt, on the other hand, generally involves "'violations which are on their surface offenses against the party for whose benefit the order was made.'" *Id.*, quoting *Local Union 5760*, 172 Ohio St. at 82-83. "'A direct contempt is one committed in the presence of or so near the court as to obstruct the due and orderly administration of justice.'" *Id.* at 57, quoting

*In Matter of Lands*, supra, 146 Ohio St.2d at 595, 67 N.E.2d 433. "'An indirect contempt is one committed outside the presence of the court but which also tends to obstruct the due and orderly administration of justice.'" *Id.*

{¶ 22} In the case at bar, appellant alleged that appellee was in contempt of a court order, i.e., the divorce decree. The party seeking to enforce a court order must establish, by clear and convincing evidence, the existence of a court order and the nonmoving party's noncompliance with the terms of that order. *Wolf v. Wolf*, 1st Dist. Hamilton No. C–090587, 2010–Ohio–2762, ¶4; *Morford v. Morford*, 85 Ohio App.3d 50, 55, 619 N.E.2d 71 (4th Dist. 1993). The burden then shifts to the defendant to establish any defense. *Morford*.

> "Clear and convincing evidence is that measure or degree of proof which is more than a 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established."

*Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 23} In the case sub judice, appellant presented the trial court with the existence of a trial court order. However, the plain terms of the order do not show that appellee failed to comply with the order. The divorce decree entitles appellant to one-half of appellee's retirement account. The divorce decree is silent as to when appellant is to receive his one-half of her retirement account. A subsequently drafted DOPO indicates that appellant is eligible to receive his share when appellee starts to receive benefits. It is undisputed that appellee has not started receiving benefits. Thus, under the plain terms of the divorce decree and DOPO, appellant is not yet entitled to receive his share of appellee's retirement benefits, and appellee has not failed to comply with a court order. Appellant has not alleged any facts to show that appellee is

required to begin receiving retirement benefits or that she has violated a court order by failing to do so. *See generally Beddell v. Beddell*, 5th Dist. Stark No. 2008CA00292, 2009-Ohio-6252, 2009 WL 4263631, ¶22 (observing that an alternate payee only has the rights and privileges as provided for in the Revised Code and that there is no provision in the Revised Code that permits an alternate payee to decide what type of benefit a plan participant must elect or that permits a court to order whether a plan participant must select monthly benefits or a lump sum payment); R.C. 3307.371(C) (stating that STRS "shall comply" with a DOPO "at the following times as appropriate: (1) If the participant has applied for or is receiving a benefit or has applied for but not yet received a lump sum payment, as soon as practicable; (2) If the participant has not applied for a benefit or lump sum payment, on application by the participant for a benefit or lump sum payment"). Consequently, we conclude that the trial court did not abuse its discretion by refusing to find that appellee is in contempt of the divorce decree.

{¶ 24} We note that in his second assignment of error, appellant does not raise a specific argument that the trial court incorrectly dismissed his motion to enforce the divorce decree and DOPO, or his alternative request to modify the DOPO. Instead, his second assignment of error generically asserts that the trial court should have held a hearing to consider his "motions" and that factual disputes remain.

{¶ 25} Under App.R. 16(A)(7), an appellant's brief shall include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." Appellate courts do not have any duty "to root out" an argument in support of an assignment of error. *Prokos v. Hines*, 4th Dist. Athens

Nos. 10CA51 and 10CA57, 2014-Ohio-1415, 2014 WL 1339676, ¶55; *Thomas v. Harmon*, 4th Dist. Lawrence No. 08CA17, 2009–Ohio–3299, ¶14; *State v. Carman*, 8th Dist. Cuyahoga No. 90512, 2008–Ohio–4368, ¶31. "It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal." *Cantanzarite v. Boswell*, 9th Dist. Summit No. 24184, 2009–Ohio–1211, ¶16, quoting *Kremer v. Cox*, 114 Ohio App.3d 41, 60, 682 N.E.2d 1006 (9th Dist. 1996). Appellate courts possess discretion to disregard any assignment of error that fails to include citations to the authorities in support. *Robinette v. Bryant*, 4th Dist. Lawrence No. 14CA28, 2015-Ohio-119, 2015 WL 223007, ¶33; *State v. Adkins*, 4th Dist. Lawrence No. 13CA17, 2014–Ohio–3389, ¶34, citing *Frye v. Holzer Clinic, Inc.*, 4th Dist. Gallia No. 07CA4, 2008–Ohio–2194, ¶12; App.R. 12(A)(2).

{¶ 26} In the case sub judice, appellant did not construct an argument regarding the trial court's decision to dismiss his motion to enforce/modify. Consequently, we will not address this "undeveloped argument[] or assume [appellant]'s duty and formulate an argument for him." *State v. Palmer*, 9th Dist. Summit No. 28303, 2017-Ohio-2639, 2017 WL 1749087; *see State v. Baskerville*, 9th Dist. Summit No. 28148, 2017-Ohio-4050, 2017 WL 2366554, ¶52, citing *State v. Watson*, 9th Dist. Summit No. 24232, 2009-Ohio-330, 2009 WL 187885, ¶5, citing App.R. 16(A)(7) ("An appellant bears the burden of formulating an argument on appeal and supporting that argument with citations to the record and to legal authority.").

{¶ 27} Accordingly, based upon the foregoing reasons, we overrule appellant's second assignment of error.

II

{¶ 28} We now consider appellant's first assignment of error wherein he asserts that the trial court erred as a matter of law by disposing of the case on the basis of information it obtained by conducting research with legal counsel from the Ohio STRS.  Appellant contends that the court improperly relied upon evidence outside of the record when ruling on his motion.  We believe, however, that even if we assume that the trial court erred by conducting its own inquiry, any arguable error would constitute harmless error that we must disregard.  *See* Civ.R. 61 (explaining that court "must disregard any error or defect in the proceeding" that does not affect a party's substantial rights); *Niskanen v. Giant Eagle, Inc.*, 122 Ohio St.3d 486, 2009-Ohio-3626, 912 N.E.2d 595, ¶26, quoting *Smith v. Flesher*, 12 Ohio St.2d 107, 110, 233 N.E.2d 137 (1967) (explaining that "'in order to secure a reversal of a judgment,'" a party "'must not only show some error but must also show that that error was prejudicial to him'"); *Theobald v. Univ. of Cincinnati*, 160 Ohio App.3d 342, 2005-Ohio-1510, 827 N.E.2d 365, ¶17 ("When avoidance of the error would not have changed the outcome of the proceedings, then the error neither materially prejudices the complaining party nor affects a substantial right of the complaining party.").  Even if the trial court improperly conducted its own research with legal counsel from the Ohio STRS,[1] the language of the divorce decree and DOPO fail to support a finding that

---

[1] While a trial court may not consider evidence (i.e., facts) outside of the record, a court ordinarily may consider opinions and public records accessible from the internet.  *Draughon v. Jenkins*, 4th Dist. Ross No. 16CA3528, 2016–Ohio–5364, 2016 WL 4262984, ¶26, citing *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007–Ohio–4798, 974 N.E.2d 516, ¶8 and ¶10 (stating that court can take judicial notice of judicial opinions and public records accessible from the internet); *see State ex rel. Scott v. Cleveland*, 112 Ohio St.3d 324, 2006–Ohio–6573, 859 N.E.2d 923, ¶26 (explaining that court can take judicial notice of appropriate matters in determining Civ.R. 12(B)(6) motion without converting it to a motion for summary judgment).

We further note, however, that Rule 2.9(A)(2) of the Ohio Code of Judicial Conduct states:

appellee violated the terms of either the decree or DOPO.   Consequently, any arguable error that the court may have committed by relying upon advice from legal counsel for the Ohio STRS did not affect the outcome of the proceeding and thus, constitutes harmless error that we must disregard.

{¶ 29} Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error.

III

{¶ 30} In his third assignment of error, appellant asserts that the trial court erred by dismissing his motions to the extent the court believed that it lacked jurisdiction to consider them.

{¶ 31} On April 14, 2017, this court issued an entry discussing appellee's motion to dismiss the appeal and determined that the trial court did not dismiss appellant's motions based upon a belief that it lacked jurisdiction to rule on the motions.  *Burchett v. Burchett*, 4th Dist. Scioto No. 16CA3784, 2017-Ohio-2667, 2017 WL 1741578, ¶19-20.   We therefore overrule appellant's third assignment of error.

{¶ 32} Accordingly, based upon the foregoing reasons, we overrule appellant's third assignment of error and affirm the trial court's judgment.

---

(A) A judge shall not initiate, receive, permit, or consider ex parte communications, except as follows:

* * * *

(2) A judge may obtain the advice of a disinterested expert on the law applicable to a proceeding before the judge, if the judge gives notice to the parties of the person consulted and the subject-matter of the advice solicited, and affords the parties a reasonable opportunity to object or respond to the advice received;

* * * *

Nevertheless, the preamble indicates that the Code of Judicial Conduct is not "intended to be the basis for litigants to seek collateral remedies

JUDGMENT AFFIRMED.

---

against each other or to obtain tactical advantages in proceedings before a court."

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

       Harsha, J.: Concurs in Judgment & Opinion
       McFarland, J.: Dissents

                                    For the Court

                                    BY:_____
                                    Peter B. Abele, Judge

NOTICE TO COUNSEL

 Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.