[Cite as *Comella v. Parravano*, 2014-Ohio-834.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100062**

## ROSEANN COMELLA

PLAINTIFF-APPELLANT

vs.

## WILLIAM FREDERICK PARRAVANO, JR.

DEFENDANT-APPELLEE

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. D-300828

**BEFORE:** McCormack, J., Jones, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** March 6, 2014

**ATTORNEY FOR APPELLANT**

Anne C. Fantelli
Stafford Law Co. L.P.A.
55 Erieview Plaza, 5th Floor
Cleveland, OH 44114


**ATTORNEY FOR APPELLEE**

Mark A. Ziccarelli
Ziccarelli & Martello
8754 Mentor Avenue
Mentor, OH 44060

TIM McCORMACK, J.:

{¶1} Plaintiff-appellant Roseann Comella (f.k.a. Roseann Parravano) appeals from the trial court's order granting defendant-appellee William Frederick Parravano, Jr.'s motion to modify spousal support. She raises three assignments of error for our review, which we will discuss together:

> I. The trial court erred and/or abused its discretion by granting the appellee's motion to modify spousal support and in finding that it had jurisdiction and that a change in circumstances not contemplated at the time of the prior order had occurred.

> II. The trial court erred and/or abused it discretion by failing to comply with Civ.R. 53, and by adopting the magistrate's decision without modification.

> III. The trial court decision is against the manifest weight of the evidence.

## Procedural History and Substantive Facts

{¶2} Roseann Comella and William Parravano were divorced on April 24, 2007. The judgment entry of divorce ordered Parravano to pay Comella spousal support in the amount of $2,328.69 per month, effective January 1, 2007. He was ordered to pay $2,000 per month as current spousal support, effective January 1, 2008. Under the original judgment entry of divorce, the trial court retained jurisdiction over the spousal support obligation for purposes of modification.

{¶3} On January 14, 2010, Parravano filed a motion to modify spousal support, stating that there had been a change in circumstances since April 24, 2007, in that his income decreased substantially and he is now on social security.

**{¶4}** The parties entered into an agreed judgment entry on Parravano's motion on February 10, 2011. Pursuant to the agreed judgment entry, the parties agreed to decrease Parravano's monthly support obligation to $750 per month, effective the date of the entry. They also agreed that there was a support arrearage of $41,500, for which Parravano was found in contempt and could purge the contempt by paying $25,000. Parravano was ordered to pay an additional $250 per month toward the remaining arrearage. At the time the parties signed the agreed judgment entry, Parravano was not working. He testified, however, that he was expecting to return to work with Schirmer Construction.

**{¶5}** On November 23, 2011, Parravano filed a second motion to modify spousal support, stating that since February 10, 2011, his income has decreased in that he has been on social security since December 2009 and he had not been employed throughout 2011. At the time this second motion was filed, Parravano had not been called back to work by Schirmer.

**{¶6}** Following a hearing on the matter, on January 7, 2013, the magistrate granted Parravano's motion, finding that spousal support should be reduced to $200 per month, effective December 17, 2012. Comella filed objections and supplemental objections to the magistrate's decision, stating that there has been no substantial change in circumstances that was not contemplated by the parties at the time of the prior order modifying spousal support and, therefore, the court does not have jurisdiction to modify the spousal support obligation. Comella further argued that Parravano's request for modification was barred by res judicata. On May 30, 2013, the trial court issued a

judgment entry overruling Comella's objections and adopting the magistrate's decision without modification. Comella now appeals the trial court's decision.

## Standard of Review

{¶7} A magistrate's decision on the issue of modification is subject to a de novo review by the trial court. *Potter v. Potter*, 8th Dist. Cuyahoga No. 99247, 2013-Ohio-3531, ¶ 11; *Kapadia v. Kapadia*, 8th Dist. Cuyahoga No. 94456, 2011-Ohio-2255, ¶ 9. The trial court must therefore conduct an independent analysis of the evidence in order to reach its own conclusions about the issues in the case and determine whether the magistrate properly determined the factual issues and appropriately applied the law. *Id.*; Civ.R. 53(D)(4)(d). A trial court's ruling on objections to a magistrate's decision will not be reversed absent an abuse of discretion. *Gobel v. Rivers*, 8th Dist. Cuyahoga No. 94148, 2010-Ohio-4493, ¶ 16.

{¶8} With respect to spousal support, a trial court has broad discretion in determining what is proper based upon the facts and circumstances of each case. *Kunkle v. Kunkle*, 51 Ohio St.3d 64, 67, 554 N.E.2d 83 (1990). A reviewing court cannot therefore substitute its judgment for that of the trial court absent an abuse of discretion. *Id*. Furthermore, this court will not reverse a decision of the domestic relations court if there is competent, credible evidence in the record supporting the trial court's decision. *Abernethy v. Abernethy*, 8th Dist. Cuyahoga No. 92708, 2010-Ohio-435, ¶ 39.

## Law and Analysis

**{¶9}** Comella contends that the trial court had no jurisdiction to entertain Parravano's request for modification of spousal support.

**{¶10}** A trial court lacks jurisdiction to modify a prior order of spousal support unless the decree of the court expressly retained jurisdiction to make the modification and the court finds that (1) that a substantial change in circumstances has occurred, and (2) that the change was not contemplated at the time of the original decree. *Mandelbaum v. Mandelbaum*, 121 Ohio St.3d 433, 2009-Ohio-1222, 905 N.E.2d 172, paragraph two of the syllabus; R.C. 3105.18(F).

**{¶11}** To "contemplate" means that a party had to "intend" that an event happened for it to preclude a modification of spousal support. *Javidan-Nejad v. Navadeh*, 8th Dist. Cuyahoga No. 97661, 2012-Ohio-3950, ¶ 20, citing *Kaput v. Kaput*, 8th Dist. Cuyahoga No. 94340, 2011-Ohio-10, ¶ 22. The test is not whether the event is foreseeable, but rather, whether the circumstance is one that "was thoroughly considered at the time of the divorce." *Id.*, citing *Palmieri v. Palmieri*, 10th Dist. Franklin No. 04AP-1305, 2005-Ohio-4064, ¶ 19. The movant bears the burden of proving that the parties did not contemplate the substantial change in circumstances at the time of the divorce. *Potter*, 8th Dist. Cuyahoga No. 99247, 2013-Ohio-3531, at ¶ 13, citing *Tremaine v. Tremaine*, 111 Ohio App.3d 703, 676 N.E.2d 1249 (2d Dist.1996).

**{¶12}** If the court retained jurisdiction for modification in the divorce decree, the trial court must consider the factors set forth in R.C. 3105.18(C)(1) in order to determine

whether the existing support order should be modified in light of a significant change in circumstances. *Mandelbaum* at ¶ 31. Such factors include: (1) the parties' income from all sources, including income derived from the property division made by the court; (2) the relative earning abilities of the parties; (3) the parties' ages and physical, mental, and emotional conditions; (4) the parties' retirement benefits; (5) the duration of the marriage; (6) the relative extent of education of the parties; (7) the relative assets and liabilities of the parties; and (8) the tax consequences of an award of spousal support for each party. *See* R.C. 3105.18(C)(1).

{¶13} The trial court is not required to comment on each statutory factor; rather, the record must only show that the court considered the statutory factors when making its award. *Neumann v. Neumann*, 8th Dist. Cuyahoga No. 96915, 2012-Ohio-591, ¶ 17, citing *Carman v. Carman*, 109 Ohio App.3d 698, 703, 672 N.E.2d 1093 (12th Dist.1996). Moreover, in considering a motion to modify a spousal support order, "[t]he court need only consider the factors which have actually changed since the last order." *Mizenko v. Mizenko*, 8th Dist. Cuyahoga No. 78409, 2001 Ohio App. LEXIS 2514 (June 7, 2001).

{¶14} Here, Comella concedes that the judgment entry of divorce expressly reserved the trial court's jurisdiction to modify the spousal support obligation. She maintains, however, that because there was no substantial change in circumstances that occurred since the prior order of February 2011 that were not contemplated by the parties at the time of the prior order, the trial court lacked jurisdiction to modify the spousal support upon Parravano's November 2011 motion for modification. In support of her

argument, Comella contends that Parravano was unemployed and receiving social security at the time of the February 2011 order and he is currently unemployed and receiving social security benefits, which is neither a substantial nor unforeseen change of circumstances.

{¶15} A review of the record demonstrates that Parravano was, in fact, unemployed and receiving social security benefits at the time he filed his first motion to modify in January 2010. He was employed by Schirmer Construction from January 2010 to June 2010, earning $11,922.26. He testified that he had been unemployed since June 2010, he had not sought employment elsewhere, and he had been receiving social security benefits since 2009.

{¶16} The record also shows that Parravano was unemployed at the time he filed his second motion for modification in November 2011 and when he and Comella signed the agreed judgment entry in February 2011. Parravano testified that when he signed the agreement, he was expecting to return to work. He stated, however, that due to his failing health, he was ultimately unable to return to work. At the time he signed the agreed judgment entry, Parravano was receiving social security benefits.

{¶17} In reaching its decision, the magistrate considered the above evidence and noted that, while Parravano's first motion to modify was based upon his expecting to continue to work, Parravano was not working when he signed the agreed judgment entry. The magistrate further noted that the affidavits attached to both motions to modify "were based on [Parravano's] receiving social security," and in fact, his social security benefits

increased minimally since the prior order modifying spousal support from $24,792 to $26,118.

{¶18} The magistrate, however, did not consider Parravano's income as a basis for modification. Rather, the magistrate found that based on the totality of the evidence presented, there has been a change in circumstances not contemplated by the parties since the last order with respect to Comella's financial position. Specifically, the magistrate found that Comella's financial position "improved by way of her receipt of social security benefits, unemployment benefits, and additional interest income * * *." The magistrate further concluded that Comella can "meet her monthly household expenses presented at the hearing without dipping into her assets," with the exception of the interest income.

{¶19} At the time Parravano filed the first motion to modify, Comella was employed by Chuppa's Marketplace, earning $9 per hour, or approximately $9,360 per year. At the time Parravano filed the second motion to modify, in November 2011, she was employed at Midtown Farmers Market, earning $11 per hour, for approximately one year, before Midtown Farmers Market closed its doors. At the time of the hearing, Comella was receiving $135 per week in unemployment benefits, or $7,020 per year.

{¶20} The magistrate found, and the record supports, that Comella's receipt of social security benefits was a change since the prior order that was not contemplated, since she began receiving the benefits in March 2011. Comella testified that she applied early for benefits because of the decrease in her monthly income. Comella was, therefore, receiving $826.80 per month in combined social security benefits from her

earnings as well as Parravano's earnings. When these benefits are combined with her unemployment benefits, Comella received $16,941.60 annually. Additionally, she received $460 per month in interest income from her Seaway investment. In imputing a "reasonable" 1% interest on Comella's Vanguard investment, the magistrate found Comella's income increased an additional $2,000 per year. Therefore, Comella's annual income since March 2011, totaled $24,461, plus approximately $400 per year from a retirement investment.

{¶21} In addition to the parties' income, the magistrate considered other factors necessary in order to determine whether to modify the existing spousal support. The magistrate considered the living expenses of both parties, noting that Comella lived in a smaller home "that she owns free and clear, with lower utilities and lower property taxes and property insurance[,] and she earns interest on the proceeds." The magistrate considered that Parravano no longer contributes $1,000 per month in living expenses to his girlfriend with whom he was living; however, he was contractually obligated in an apartment lease, which lease has been extended, and he will start paying taxes, insurance, and utilities, effective January 1, 2013.

{¶22} The magistrate further considered the ages of both parties, that the marriage was of a very long duration with three grown children, and that both parties have a 12th grade education. Parravano also acquired skills in the military, and he did excavation work for 35 years. However, as the magistrate notes, Parravano "is in fairly poor health," is recovering from back surgery, and has had knee surgery. On the other hand,

Comella was in good health, with the exception of some arthritis for which she required over the counter medication. Comella was still capable of doing some office work, possessing secretarial skills. The magistrate also noted that Comella had more retirement assets than Parravano.

{¶23} Based upon its review of the evidence, the magistrate concluded that there was a change not contemplated by the parties since the last order and spousal support should therefore be reduced to $200 per month based on the length and duration of the marriage, subject to the same terms and conditions contained in the parties' divorce decree.

{¶24} In accordance with Civ.R. 53(D)(4)(d), the trial court conducted an independent review of the matter, reviewing the magistrate's decision, the transcript of the hearing, and Comella's objections and supplemental objections to the magistrate's decision. The court found Comella's objections not well taken, thereby overruling the objections and adopting the magistrate's decision.

{¶25} In adopting the magistrate's decision, the trial court considered all of the relevant factors set forth in R.C. 3105.18(C)(1)(a)-(n) and made its own findings of fact regarding such factors:

[T]he court considered the income of both parties. The court found it significant that [Comella] is now receiving social security benefits based on both her and her husband's earnings. At the time of the previous agreed

judgment entry in this case, [Comella] was not receiving these * * *

benefits.

The court continued to note that neither party had significant earning abilities due to their advanced age, both parties were of retirement age, Comella "is in relatively good health while [Parravano] is in relatively poor health," and while both parties had retirement assets, Comella had more retirement assets than Parravano. The court also considered the 37-year duration of the marriage and the education and training of the parties. Finally, the court considered the fact that Comella had more assets and fewer liabilities than Parravano, and both parties had minimal tax consequences.

{¶26} After reviewing the record in this case, we find that the trial court did not abuse its discretion in adopting the magistrate's decision. We further find that the trial court's judgment adopting the magistrate's decision was not against the manifest weight of the evidence because there is competent, credible evidence in the record to support the finding that there was a substantial change in circumstances not contemplated by the parties since the prior order of February 2011 such that a modification of spousal support was warranted.

{¶27} Comella also contends that Parravano's request for modification is barred by the doctrine of res judicata because the trial court had previously considered his arguments regarding his income upon Parravano's first motion to modify and rendered judgment on this issue. We find no merit to this argument.

**{¶28}** The doctrine of res judicata "involves both claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel)." *Grava v. Parkman Twp*., 73 Ohio St.3d 379, 380, 653 N.E.2d 226 (1995). Both theories of res judicata are used to prevent relitigation of issues already decided by a court on matters that should have been brought as part of a previous action. *Lasko v. Gen. Motors Corp.*, 11th Dist. Trumbull No. 2002-T-0143, 2003-Ohio-4103, ¶16. "[A] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claims arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava* at 382.

**{¶29}** Principles of res judicata provide that "'material facts or questions that were in issue in a former suit, and were there judicially determined by a court of competent jurisdiction, are conclusively settled by a judgment therein so far as concerns the parties to that action and persons in privity with them.'" *Mlakar v. Mlakar*, 8th Dist. Cuyahoga No. 98194, 2013-Ohio-100, ¶ 11, quoting *Goodson v. McDonough Power Equip., Inc.*, 2 Ohio St.3d 193, 195, 443 N.E.2d 978 (1983). Res judicata has been applied to bar claims in motions to modify support obligations that were previously made between the same parties and finally decided by the court. *Id.* at ¶ 12.

**{¶30}** In this case, the magistrate's decision to modify Parravano's spousal support for the second time was based upon Comella's new financial position, including Comella's new unemployment benefits, additional interest income, and receipt of social security benefits in the amount of $826.80 per month since March 2011. These were

material facts that were not at issue at the time of the court's prior order. Therefore, because the court did not consider Comella's receipt of unemployment benefits, additional interest income, and social security benefits previously, we cannot now find that Parravano's second motion for modification had been fully litigated.

{¶31} As such, Comella's three assignments of error are overruled.

{¶32} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

LARRY A. JONES, SR., P.J., and
EILEEN T. GALLAGHER, J., CONCUR