[Cite as *Franchuk v. Franchuk*, 2016-Ohio-7563.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| BONNIE JEAN FRANCHUK, | : | Case No. 16CA3 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| THOMAS BEAL FRANCHUK, | : | **RELEASED 10/24/16** |
| Defendant-Appellant. | : | |

<u>APPEARANCES</u>:

Thomas Beal Franchuk, Florence, Kentucky, pro se appellant.[1]

Harsha, J.

{¶1}    Thomas Beal Franchuk appeals from a judgment denying his postdivorce motion to modify his child support obligation for his emancipated adult son.

{¶2}    Franchuk initially asserts that the trial court erred when it denied his request for a hearing based on the format of his first motion to modify his child support. Franchuk forfeited any error by failing to object to the magistrate's decision. He also failed to claim or establish plain error because his motion was in the form of a letter and did not comply with the court's local rule. Moreover, the court afforded him an opportunity to file a compliant motion, which it considered and ruled upon.

{¶3}    Next, Franchuk contends that the trial court erred in not finding the Washington County Child Support Enforcement Agency in contempt of court for failing to appear for the hearing on his motion. Franchuk again forfeited his contention by failing to timely raise it in his objections to the magistrate's decision. And he does not

---

[1] Franchuk's ex-wife, Bonnie, did not file a brief or otherwise appear in this appeal.

claim or prove plain error because neither the administrative regulations he cites nor any court order in the record required the child support enforcement agency's presence at the hearing.

{¶4} Franchuk additionally claims that the trial court erroneously failed to eliminate the interest he owes on his child-support arrearage; he contends the trial court failed to periodically review his support and his ex-wife's agreement at an earlier child-support termination proceeding that relieved him of his duty to pay the interest. But res judicata prohibited him from raising claims concerning his child-support arrearage and interest that he could have raised when the court reduced his arrearages to judgment and ordered interest on those amounts. And his ex-wife testified at the hearing that the parties never reached an agreement for her to relieve him of his interest owed on the total arrearage.

{¶5} Finally, Franchuk argues that the trial court erred in failing to order his ex-wife to pay the orthodontic bills of their adult son. Although he claimed that these bills were incurred before their son became emancipated, he testified that he paid $200 to have the son's braces fixed after he became an adult. And his claim that his ex-wife was responsible for paying bills while their son was a minor could have been raised before he became an adult. He also failed to submit any evidence of these purported unpaid bills to the court.

{¶6} Accordingly, we can discern no error in the trial court's denial of Franchuk's motion to modify his child support and affirm that judgment.

I. FACTS

{¶7}   Thomas and Bonnie Franchuk were married in 1994 and their son, Matthew, was born in that year.  In 2001, the Washington County Court of Common Pleas granted Bonnie a divorce, awarded her custody of Matthew, and ordered Franchuk to pay her child support.

{¶8}   In 2008, the trial court found Franchuk in contempt and entered judgment in favor of Bonnie in the amount of $19,111.04 in child-support arrearages plus 8% interest from May 31, 2008.  In 2010, the trial court found Franchuk in contempt and entered judgment in favor of Bonnie in the amount of $2,451.50 in additional child-support arrearages plus 4% interest from April 30, 2009.

{¶9}   In 2012, the Washington County Child Support Enforcement Agency filed a notice of its administrative determination recommending the termination of child support because of Matthew's emancipation upon him reaching the age of majority and having previously graduated from high school.  The trial court ordered the termination of support and further ordered that Franchuk pay $355.45 per month towards the arrearages and interest on child support until paid in full.  Franchuk failed to timely appeal from the judgment.

{¶10}  In September 2013, after his untimely appeal was dismissed, Franchuk submitted a letter to the clerk of the trial court, which stated:

> Ms. Wolfe, Please file for me a motion for a review of my child support obligation, this is a request for an emergency review to temporarily reduce my payments.  Shortly after the March 8, emancipation hearing for my son Matthew, Bonnie Franchuk in effect abandoned Matthew of all financial responsibility and took his vehicle leaving him with no means of transportation and no financial support.  I traveled to Marietta and brought Matthew back to live with me.  With all the expenses that I have incurred I have found myself in real financial hardship including a recent notice of eviction and utility shutoff notices.

I respectfully request that this matter be brought before Honorable Judge
Ed Lane as soon as reasonably possible[.]

**{¶11}** Although the letter referred to a motion, it was not captioned as a motion, was not served on his ex-wife, Bonnie, and was not accompanied by a motion. The trial court magistrate instructed Franchuk to file a "proper motion that outlines his request and meets the basic formatting pursuant to local rule" or face dismissal without prejudice.

**{¶12}** In November 2013, Franchuk filed a form "motion for change of child support, medical support, tax exemption, or other child-related expenses and memorandum in support." In the motion Franchuk requested: (1) that his child-support obligation stop until a full review could be made based on his previous income and disability status; (2) that the court order Bonnie to resume paying Matthew's orthondontic bill until fully paid; (3) that the court retroactively order Franchuk to claim Matthew as a dependent for tax purposes for every other year since 2001; and (4) that the court order Bonnie and the child support enforcement agency to repay him for the insurance premiums he paid plus interest. He claimed that the change in circumstances warranting the modification was his severe disability from 2001 to 2006.

**{¶13}** During a hearing before the magistrate Franchuk stated that he requested: (1) recalculation of his child support back to 2001 so they can review it from when he first became unemployed; (2) enforcement of an purported agreement between him and his ex-wife to relieve him of the payment of any interest on the judgment for the child-support arrearages; and (3) an order that his ex-wife pay the orthodontic bills of their son.

{¶14}  Referring to the alleged agreement Franchuk testified that during the earlier child-support termination proceeding, the attorney for the Washington County Child Support Enforcement Agency told him that Bonnie had agreed to relieve him of his obligation to pay interest on the child-support arrearages.  But this testimony was controverted by Bonnie's testimony that there was no agreement because Franchuk never agreed to the offer and the trial court did not approve it.

{¶15}  On the orthodontic bills Franchuk testified that after Matthew's emancipation, he paid his son's orthodontist $200 that his ex-wife owed so that Matthew could get his braces fixed.  He claimed that Bonnie had failed to pay orthodontist bills for Matthew incurred when he was a minor, but could not support his claim with either an order making these bills the sole responsibility of Bonnie or documentation of the bills.

{¶16}  The magistrate issued a decision denying Franchuk's motion because the court lacked jurisdiction to modify his child support retroactive to 2001 and res judicata barred it, the court lacked jurisdiction to enforce terms that were never agreed to and made an order of the court, and Franchuk lacked standing to enforce the payment of orthodontic bills that were the responsibility of his ex-wife or their adult son.  The magistrate also denied Franchuk's request for the repayment of insurance premiums because res judicata barred it.  The trial court immediately adopted the magistrate's decision.

{¶17}  Franchuk filed timely objections to the magistrate's decision in which he contested the conclusions concerning the purported agreement to relieve him of any interest on the child-support arrearages he owed and the orthodontic bills.  In a

subsequent letter to the court complaining about the lack of a ruling on his objections, Franchuk requested the court to compel the Washington County Child Support Enforcement Agency attorney "to represent this case with all the facts at his disposal" because the agency had failed to appear at the hearing on his motion.  The trial court overruled his objections and noted that the child support enforcement agency had no duty to be present in the proceeding on Franchuk's motion in the absence of a subpoena.  This pro se appeal ensued.

## II. ASSIGNMENTS OF ERROR

{¶18}  Franchuk assigns the following errors for our review, including two errors he designates as his third assignment of error, which we have renumbered:

1.  MAGISTRATE BOOKER [SIC] DENIED A REQUEST FOR A HARDSHIP HEARING BASED ON THE FORMAT OF MY MOTION, NOTHING IN THE LAW REQUIRES A SPECIFIC FORM FOR SUCH A REQUEST AND ONLY THAT IT IS ADDRESSED TO THE JUDGE.

2.  IN THE STATUS CONFERENCE HEARING NOTICE, THE MAGISTRATE CLEARLY SUMMONSED THE CHILD SUPPORT ENFORCEMENT AGENCY TO APPEAR TO THE HEARING, ATTORNEY MILLER DID NOT RESPOND IN THAT HE DID NOT FILE A CONTINUANCE DUE TO HIS ILLNESS, AND WAS NOT PRESENT AT THE HEARING ON JANUARY 13 2014 AS REQUIRED BY LAW IN ACCORDANCE WITH OHIO REVISED CODE 5101:12-50-20.3 OVERPAID CHILD SUPPORT. 5101:12-60-05 ADMINISTRATIVE REVIEW AND ADJUSTMENT PROCESS[.]  THE CHILD SUPPORT ENFORCEMENT AGENCY SHOULD HAVE BEEN HELD IN CONTEMPT[.]

3.  THE MAGISTRATE FAILED TO RECOGNIZE THAT WASHINGTON COUNTY AND ALL OHIO COURTS ARE OBLIGATED TO REVIEW ANY CHILD SUPPORT MODIFICATIONS AND TO MAKE COMPUTATIONS APART FROM THE CSEA TO ASSURE THAT THE CHILD SUPPORT ORDER MEETS THE STATE OF OHIO GUIDELINES AND THAT ANY INTEREST THAT IS ADDED WILL BE ADDED TO THE MONTHLY PAYMENTS.  THEREFORE, IF THIS HAD [BEEN] DONE AT THE TIME OF "REDUCED TO JUDGMENT" THEN THERE IS NO OUTSTANDING INTEREST AS THE CSEA HAS

STATED.  CLEARLY THE MAGISTRATE WAS CONFUSED AS I
WAS WHEN THE INTEREST ISSUE CAME UP.  HAD THE CSEA
BEEN PRESENT THIS COULD HAVE BEEN CLARIFIED.

4. THE MOST COMPELLING ACTION WOULD BE THAT MAGISTRATE
BOOKER [SIC] DID NOT CONCLUDE THAT THERE WAS AN
AGREEMENT TO RELIEVE MR. FRANCHUK OF THE INTEREST
INCURRED.

5. ORTHDONTIC BILLS, THIS IS SHAMEFUL[.]

### III. STANDARD OF REVIEW

**{¶19}**  "Appellate courts generally review a trial court's decision involving a

modification of child support under an abuse of discretion standard."  *See, e.g., King v.*

*King*, 4th Dist. Jackson No. 13CA8, 2014-Ohio-5837, ¶ 31.  The application of this

standard in modifying parental rights and responsibilities is warranted because trial

courts have wide latitude in considering the evidence, and assessing the parties'

demeanor, attitude, and credibility.  *See Massie v. Simmons*, 4th Dist. Scioto No.

14CA3630, 2014-Ohio-5835, ¶ 18, citing *Davis v. Flickinger*, 77 Ohio St.3d 415, 418-

419, 674 N.E.2d 1159 (1997).  A trial court abuses its discretion when its decision is

unreasonable, arbitrary, or unconscionable.  *In re H. V.*, 138 Ohio St.3d 408, 2014-

Ohio-812, 7 N.E.3d 1173, ¶ 8.

### IV. LAW AND ANALYSIS

#### A.  Improper Format for Motion

**{¶20}**  In his first assignment of error Franchuk asserts that the trial court erred

when it denied his request for a hearing based on the format of his first motion to modify

his child support.  Franchuk forfeited any error by failing to object to the magistrate's

decision requiring that he file a motion that complied with the local rule or his request

would be dismissed without prejudice.  *See Faulks v. Flynn*, 4th Dist. Scioto No.

13CA3568, 2014-Ohio-1610, ¶ 17, citing Civ.R. 53(D)(3)(b)(iv) ("A party forfeits or waives the right to challenge the trial court's adoption of a factual finding or legal conclusion unless the party objects in accordance with Civ.R. 53(D)(3)(b)"); *State ex rel. Muhammad v. State*, 133 Ohio St.3d 508, 2012-Ohio-4767, 979 N.E.2d 296, ¶ 3 (appellant waived claim on appeal by failing to specifically raise claim in his objections to the magistrate's decision in the trial court).

{¶21} "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." Civ.R. 53(D)(3)(b)(iv). Franchuk does not assert plain error on appeal. *See State v. Gannon*, 4th Dist. No. 15CA16, 2016-Ohio-1007, ¶ 31 (we need not consider plain error when the appellant does not raise it).

{¶22} Nor did Franchuk establish plain error. "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 679 N.E.2d 1099 (1997), syllabus; *Faulks* at ¶ 20.

{¶23} The trial court did not abuse its broad discretion by ordering Franchuk to file a motion that complied with Loc.R. 15 of the Washington County Court of Common Pleas. Franchuk's letter did not comply with the rule because it was not captioned as a

motion and referenced a motion for the clerk to file, but was not accompanied by a motion. *See, e.g., O'Brien v. O'Brien*, 11th Dist. Trumbull No. 2008-T-0075, 2009-Ohio-3795, ¶ 27 (trial court did not abuse its discretion in failing to rule on a request in a pro se letter because it did not comply with the local rules).

**{¶24}** Moreover, Franchuk was not prejudiced by the magistrate's decision requiring that he file a compliant motion because he did so and the trial court ultimately conducted a hearing on it and ruled on its merits. *See Chase Home Finance, L.L.C. v. Dunlap*, 4th Dist. Ross No. 13CA3409, 2014-Ohio-3484, ¶ 34, quoting *Russell v. Gallia Cty. Loc. School Bd.*, 80 Ohio App.3d 797, 800, 610 N.E.2d 1130 (4th Dist.1992), citing Civ.R. 61 (" 'in order for us to reverse the trial court's judgment, the error must be prejudicial' ").

**{¶25}** Therefore, the trial court did not commit error, much less plain or prejudicial error, by refusing to grant his initial request in his letter. We overrule Franchuk's first assignment of error.

### B. Contempt

**{¶26}** In his second assignment of error Franchuk contends that the trial court erred in not finding the Washington County Child Support Enforcement Agency in contempt of court for failing to appear at the hearing on his motion to modify his child-support obligation. As with his first assignment of error, he forfeited this contention by failing to timely raise it in his objections to the magistrate's decision. Civ.R. 53(D)(3)(b)(iv). Nor does he claim plain error.

**{¶27}** Moreover, he does not establish that the trial court erred in failing to find the agency in contempt because the administrative rules he cites do not impose any

duty on a child support enforcement agency to appear on a motion filed by an obligor

after the parties' child is emancipated. "A child support enforcement agency has the

authority to investigate, obtain information, recalculate, and issue administrative orders

modifying support, and the trial court retains jurisdiction to modify child support under

statutes and the Rules of Civil Procedure." *Hayslip v. Hanshaw*, 2016-Ohio-3339, 54

N.E.3d 1272 (4th Dist.), citing Sowald and Morgenstern, *Baldwin's Ohio Domestic*

*Relations Law*, Section 19:17 (4th Ed.2016), R.C. 3109.05, 3119.02, 3119.63, 3119.79,

and Civ.R. 75(J). The rules cited by Franchuk in support of his claim, Ohio Adm.Code

5101:12-50-20.3 (overpaid child support) and 5101:12-60-05 (initiation of an

administrative review), did not require the presence of the agency at the proceeding on

his motion.

{¶28} Furthermore, there is no court order or subpoena in the record requiring

the agency's appearance at the hearing on Franchuk's motion. Because a finding of

contempt under these circumstances required some evidence of disobedience of a

court order, Franchuk has failed to establish contemptuous behavior on the part of the

agency. *See generally Robinette v. Bryant*, 4th Dist. Lawrence No. 14CA28, 2015-

Ohio-119, ¶ 45.

{¶29} In sum the trial court did not commit any error, much less plain error, by

failing to find the child support enforcement agency in contempt. We overrule

Franchuk's second assignment of error.

C.  Interest on Child-Support Arrearages

{¶30} In his third and fourth assignments of error Franchuk claims that the trial

court erred by failing to eliminate the interest he owes on his child-support arrearages

based on the failure of the trial court to periodically review his child support through the years and his ex-wife's agreement at a child-support termination proceeding to relieve him of his duty to pay the interest to her.

{¶31} Franchuk's initial claim that the trial court erred in failing to periodically review the child-support obligation and to eliminate any duty to pay interest on his arrearages is meritless. Res judicata barred him from raising an issue he could have raised on direct appeal of the prior judgments reducing his arrearages to judgment and assessing interest. *See In re Helfrich*, 5th Dist. Licking No. 13CA20, 2014-Ohio-1933, ¶ 34, quoting *State v. Griffin*, 138 Ohio St.3d 108, 2013-Ohio-5481, 4 N.E.3d 989, ¶ 3 (" 'Res judicata bars relitigation of a matter that was raised or could have been raised on direct appeal when a final, appealable order was issued in accordance with the law at the time' "); *State ex rel. Lawrence Cty. Child Support Enforcement Agency v. Duncan*, 4th Dist. Lawrence No. 01CA7, 2002-Ohio-1970, ¶ 19 (res judicata barred the child-support obligor's challenge to judgment calculating arrearage when she did not timely appeal it).

{¶32} Franchuk's remaining assertion is the trial court erred in failing to hold that an agreement between the parties relieved him of any duty to pay interest on the child-support arrearages. However, the trial court could properly credit his ex-wife's testimony that the parties never agreed to eliminate his interest payments and the failure of the trial court's docket to incorporate any agreement into an order. *See, e.g., McNaughton v. Cochenour*, 4th Dist. Ross No. 15CA3479, 2015-Ohio-4648, ¶ 29 ("As the trier of fact, the trial court was free to draw its own conclusions about credibility and to disbelieve all, part, or none of [the witnesses'] testimony").

**{¶33}** The trial court thus did not err by denying his request to eliminate the interest due on his child support arrearages. We overrule Franchuk's third and fourth assignments of error.

### D. Orthodontic Bills

**{¶34}** In his fifth assignment of error Franchuk claims "ORTHODONTIC BILLS, THIS IS SHAMEFUL[.]" Franchuk's final assigned error does not comply with App.R. 16(A)(7), which requires that an appellant's brief shall include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." Franchuk's assignment of error contains no argument, citations, authorities, statutes, and parts of the record on which he relies, so it is within our discretion to disregard it. *See Robinette*, 2015-Ohio-119, at ¶ 33, and cases cited there.

**{¶35}** Nevertheless, because it is readily apparent that Franchuk contests the trial court's failure to order his ex-wife to pay orthodontic bills incurred on behalf of their son, we exercise our discretion to consider the merits. Although he claimed in the trial court that these bills were incurred before their son became emancipated, he testified that he paid $200 to have their son's braces fixed after he had become an adult. His ex-wife had no duty to pay these expenses by either law or their divorce decree. R.C. 3103.03. And res judicata barred Franchuk from raising his claim that his ex-wife had a duty to pay their son's orthodontic bills incurred before he reached the age of majority. Finally, Franchuk's claim that his ex-wife was solely responsible for their son's medical expenses was rebutted by the divorce decree, he failed to submit evidence of any of the

orthodontic bills he claimed his ex-wife did not pay, and he lacked standing to complain because these purported bills were not in his name.  The trial court did not err in rejecting his request that it order his ex-wife to pay these bills.  We overrule Franchuk's fifth assignment of error.

## V. CONCLUSION

**{¶36}**    The trial court did not abuse its broad discretion by denying Franchuk's motion to modify his child-support obligations after their son had reached the age of majority.  Franchuk has established no error on the part of the trial court in rejecting the various requests in his motion.  Having overruled his assignments of error, we affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Hoover, J.: Concur in Judgment and Opinion.


For the Court



BY: _____
          William H. Harsha, Judge




**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**