[Cite as *Pickens v. Pickens*, 2019-Ohio-216.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

| | | |
|---|---|---|
| LORRAINE R. PICKENS, | : | Case No. 18CA7 |
| Plaintiff-Appellee, | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| ROBERT J. PICKENS, | : | |
| Defendant-Appellant. | : | RELEASED 01/17/2019 |

APPEARANCES:

Stephen S. Gussler, Margulis, Gussler & Hall, Circleville, Ohio, for appellant.

Lorraine R. Pickens, Kokomo, Indiana, pro se appellee.

Hoover, J.

{¶1}   Robert J. Pickens ("appellant") appeals the judgment of the Pickaway County Court of Common Pleas, Division of Domestic Relations, denying his motion to terminate spousal support owed to Lorraine R. Pickens ("appellee"), denying his motion for contempt for alleged damages to the marital residence caused by appellee, and reducing to judgment monies owed to appellee under the parties' divorce decree. For the following reasons, we affirm the judgment of the trial court.

**I. Facts and Procedural History**

{¶2}   Appellant and appellee were married June 7, 1981, and have five children born as issue of the marriage. All but one of the children were emancipated when the original complaint and counterclaim for divorce were filed in the trial court on October 2 and October 11, 2007.

{¶3}     The divorce proceedings were tried before the magistrate in March 2009. The magistrate's decision was filed November 18, 2009, recommending that appellee be granted a divorce and that she be allocated custody of the remaining minor child together with child support.

{¶4}     The magistrate also made findings regarding the marital and separate property of the parties and recommended allocation of various items of personal property and separate property. The magistrate recommended that the family farm, including the former marital residence of the parties, be allocated to appellant and that he be ordered to pay appellee $1,282,919.50 to equalize the division of property. This sum was to be paid as follows: $300,000 within 45 days of the filing of the divorce decree and the balance together with five percent interest was to be paid in six annual installments. To date, the equalization of property has been fully paid.

{¶5}     Finally, the magistrate recommended that appellant pay spousal support to appellee of $1,200 per month and recommended that the court retain jurisdiction to modify the amount or duration of spousal support.

{¶6}     Appellee filed objections to the magistrate's decision, which were overruled by the trial court on May 26, 2010. The final divorce decree adopting the magistrate's findings and recommendations was filed July 26, 2010.

{¶7}     Although the farm and marital residence was allocated to appellant, appellee continued to occupy the residence until May 2011, around the time appellant had filed eviction proceedings against appellee in the Circleville Municipal Court.[1] Appellant alleges that appellee left the residence "in extreme disrepair costing in excess of $10,000 to repair and make it

---

[1] The eviction case included two causes of action, one for possession of the residence, and one for rent and damages. Appellee eventually left the residence voluntarily, and the eviction case was dismissed.

habitable." In response, and in an apparent attempt to collect for "such holdover and damages", the appellant withheld paying appellee $13,100.11 of a bank account allocated to her in the divorce. It is also undisputed that appellant owes appellee $7,276.54 for unreimbursed medical and dental expenses of the minor child.

{¶8}    On March 29, 2017, appellee filed contempt charges against appellant for failure to pay her the bank account balance and the child related medical expenses due under the decree. Thereafter, appellant filed his motion for contempt for damages to the marital residence. Appellant further filed a motion to terminate spousal support. Finally, appellant further requested that he be granted a set off against his obligations for appellee's holdover and damages of his real property.

{¶9}    The various motions were tried in December 2017; and a magistrate's decision was filed January 10, 2018, denying appellant the right of set off. The magistrate's decision further denied appellant's motion for contempt and motion to terminate spousal support. The magistrate did recommend, however, that judgment be reduced against appellant in the amount of $20,376.65 for the unpaid medical bills and for appellee's share of the bank account due under the divorce decree.

{¶10}  Appellant objected to the magistrate's decision; but the trial court overruled his objections by decision and entry filed May 4, 2018. The decision and judgment entry largely upheld the findings and conclusions of the magistrate. Appellant filed a timely notice of appeal.

## II. Assignments of Error

{¶11}  Appellant assigns the following errors for our review:

First Assignment of Error:

> The Trial Court erred by ruling that defendant could not claim a set off against plaintiff's claims for holding over and damages to property allocated to him.

Second Assignment of Error:

> The Trial Court erred by finding there was no significant financial changes sufficient to support a termination or reduction in spousal support.

### III. Law and Analysis

{¶12}   In his first assignment of error, appellant argues that the trial court erred by not finding appellee in contempt for the holdover, waste, damage, and destruction she allegedly caused to the marital residence, and for not ordering a set off of those damages from and the monies he admittedly owed her under the divorce decree. Put another way, appellant claims that the evidence reveals that appellee caused substantial destruction to the marital home prior to vacating it in May 2011 resulting in damages in excess of $10,000; and that those damages should be deducted or set off from the monies he owes her for the unpaid bank account balance and for the unpaid medical expenses.

{¶13}   On these issues, the trial court denied appellant's motion for contempt because the divorce decree did not establish a date by which appellee was required to vacate the marital residence and did not require the payment of rent or utilities. Along similar lines, the trial court also ruled that appellant's claims for set off did not arise from specific provisions in the divorce decree but, rather, were separate issues based upon theories of contract and tort. Thus, it determined that those issues were not within the jurisdiction of the domestic court; and that appellant elected his remedy in filing an eviction action in the municipal court.

{¶14}   As an initial matter, we note that contempt is the disobedience of a court order. *Franchuk v. Franchuk*, 4th Dist. Washington No. 16CA3, 2016-Ohio-7563, ¶ 28, citing *Robinette v. Bryant*, 4th Dist. Lawrence No. 14CA28, 2015-Ohio-119, ¶ 45. We review a trial

court's decision regarding contempt proceedings for an abuse of discretion. *Burchett v. Burchett*, 4th Dist. Scioto No. 16CA3784, 2017-Ohio-8124, ¶ 19. An abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Id.* "While a trial court does not have jurisdiction to modify the division of property in a properly-filed divorce decree, it may enforce its orders set forth in the decree." *Jenkins v. Jenkins*, 12th Dist. Butler No. CA2010-09-238, 2012-Ohio-48, ¶ 11, citing *Schuster v. Schuster*, 3d Dist. Wyandot No. 16-08-22, 2009-Ohio-1736.

{¶15} The trial court reviewed the divorce decree, and determined that it did not contain any orders requiring appellee to pay rent or to vacate the marital residence by a certain date. The pertinent provisions of the decree state:

9.      The Court has considered the factors set forth in O.R.C. 3195.171 and the property of the parties shall be divided as set out below: * * *

f.      [Appellant] shall be entitled to all right, title and interest in the real estate situated in the Townships of Monroe and Muhlenberg, Pickaway County, Ohio, consisting of approximately nine (9) individual parcels totaling 515.146 acres of land, more or less.

g.      [Appellant] shall be responsible for all maintenance and repairs on said property, shall pay homeowners insurance and real estate taxes, and shall pay any lien indebtedness owed thereon, holding [Appellee] harmless from payment of the same.

* * *

13.     Upon [Appellant's] payment of the full balance [of the property

equalization], [Appellee] shall execute a Quit Claim Deed, transferring to

[Appellant] all of her right, title, and interest in the subject real estate.

{¶16}  It is clear upon reviewing the divorce decree that there is no provision requiring appellee to vacate the premises by a certain date, to pay rent, or to maintain the property. Rather, the decree obligates appellant to maintain the residence, and insinuates that appellee maintained rights in the property until the final equalization of property – and it is undisputed that appellee vacated the residence well before the final equalization payment was made. Thus, even if appellee did cause damage to the residence, the trial court correctly denied appellant's motion for contempt because there was no provision in the decree requiring appellee to pay rent or to maintain the property.

{¶17}  Simply put, we agree with the trial court that the divorce decree did not require appellee to pay rent or to maintain or upkeep the residence. Therefore, the trial court's decision to deny appellant's motion for contempt arising from the decree was not an abuse of discretion. Furthermore, because there is no violation of a court order, appellant is not entitled to damages or a set off of damages. Accordingly, the trial court did not err by denying appellant's request for set off of damages.

{¶18}  Despite our holdings, we do not suggest that a party in possession of property has no duty to maintain or preserve such property. Rather, our decision only addresses whether appellee was in violation of a court order, and whether the parties' divorce decree contained language ordering her to maintain the home or to pay rent. Under the particular facts and circumstances of this case, contempt is not the proper method to seek redress. *See Jenkins* at ¶ 15-16 (noting that a contempt motion is not the sole method to raise a claim of waste).

{¶19}   Based on the foregoing, appellant's first assignment of error is overruled.

{¶20}   In his second assignment of error, appellant contends that the trial court erred by finding there was no significant change in circumstance sufficient to support a termination or reduction in spousal support.

{¶21}   Trial courts generally enjoy broad discretion to determine spousal support issues. *Kunkle v. Kunkle,* 51 Ohio St.3d 64, 67, 554 N.E.2d 83 (1990); *Cherry v. Cherry,* 66 Ohio St.2d 348, 421 N.E.2d 1293 (1981). Consequently, an appellate court will not reverse a trial court's spousal support decision absent an abuse of discretion. *Bechtol v. Bechtol,* 49 Ohio St.3d 21, 24, 550 N.E.2d 178 (1990); *Holcomb v. Holcomb,* 44 Ohio St.3d 128, 131, 541 N.E.2d 597 (1989). Likewise, appellate courts should not reverse trial court spousal support modification decisions absent an abuse of discretion. *Addington v. Addington,* 4th Dist. Scioto No. 05CA3034, 2006–Ohio–4871, ¶ 8.

{¶22}   "R.C. 3105.18(E) permits a court to modify an award of spousal support if the court determines that 'the circumstances of either party have changed' since the existing order was entered and the decree of divorce contains a provision specifically authorizing the court to modify the amount or terms of spousal support." *Justus v. Justus,* 4th Dist. Gallia Nos. 92CA24, 92CA37, 1993 WL 436033, *4 (Oct. 27, 1993), citing R.C. 3105.18(E). "Absent these two conditions, a court is without jurisdiction to modify an award of spousal support." *Id.*

{¶23}   The party seeking a spousal support modification bears the burden of proving a changed circumstance that would justify a change in the amount of spousal support. *Addington* at ¶ 8. A "change in the circumstances of a party includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses, or other changed circumstances so long as * * * [t]he change in circumstances is substantial and

makes the existing award no longer reasonable and appropriate * * * [and][t]he change in circumstances was not taken into account by the parties or the court as a basis for the existing award when it was established or last modified, whether or not the change in circumstances was foreseeable." R.C. 3105.18(F)(1)(a)-(b).

{¶24} Here, appellant argues that spousal support is no longer needed, or should at least be modified, because there has been a significant change in appellee's financial circumstances. Specifically, he argues that appellee has "been living off her property settlement, interest and * * * spousal support for nine years", and because that money was not previously available to her "[t]here has to have been a change in her financial circumstances from the time of the original order."

{¶25} In denying appellant's motion to terminate spousal support, the trial court noted that appellee's "financial situation has not changed since the divorce in 2010" and that appellant "failed to show a change in circumstance for either party."

{¶26} As an initial matter, we note that the parties' divorce decree provided that the amount of spousal support was modifiable and subject to the continuing jurisdiction of the Pickaway County Court of Common Pleas, Division of Domestic Relations. Nonetheless, appellee's receipt of the property distribution proceeds and of the spousal support payments up until the time of the filing of the motion to terminate/modify spousal support, do not warrant the termination or modification of the support order. While the receipt of the property distribution proceeds and prior payments of spousal support amount to a significant amount of money, those proceeds were taken into account by the trial court as a basis for the existing award when it was established. Thus, receipt of those proceeds does not amount to a change in circumstances as contemplated under R.C. 3105.18(F). Accordingly, the trial court's denial of the motion to

modify/terminate was not unreasonable, arbitrary, or unconscionable, and does not amount to an abuse of discretion.

{¶27}  Appellant's second assignment of error is overruled.

## IV. Conclusion

{¶28}  Having overruled both of appellant's assignments of error, we affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED. Appellant shall pay the costs.

The Court finds that reasonable grounds existed for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Court of Common Pleas, Division of Domestic Relations, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. and McFarland, J.: Concur in Judgment Only.


For the Court


By: _____
         Marie Hoover, Judge




**NOTICE TO COUNSEL**


**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**