[Cite as *Pitrone v. Pitrone*, 2025-Ohio-367.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

GREGORY J. PITRONE,        :

     Plaintiff-Appellee,      :

                         No. 113835

     v.                  :

ANNA MARIE PITRONE,      :

     Defendant-Appellant.   :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 6, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-18-372203

---

### *Appearances:*

Murphy Law Offices, LLC, and Troy A. Murphy, *for appellee.*

The Law Offices of Mark A. Ziccarelli and Mark A. Ziccarelli, *for appellant.*

MICHAEL JOHN RYAN, P.J.:

{¶ 1} Defendant-appellant, Anna Marie Pitrone, appeals from the trial court's April 2, 2024 judgment, in which the Domestic Relations Court, in relevant

part (1) sustained two objections of plaintiff-appellee, Gregory Pitrone, to a magistrate's decision, and (2) granted Gregory's motion to modify his spousal support obligation to Anna Marie. After a thorough review of the facts and pertinent law, we affirm.

**Factual and Procedural Background**

{¶ 2} The record demonstrates that Anna Marie and Gregory were married in 1982, and their divorce was finalized in December 2018. Under the terms of their divorce decree, Gregory was ordered to pay Anna Marie $3,000 per month in spousal support for an indefinite period beginning in January 2019. An addendum to the parties' separation agreement provides in relevant part as follows:

> Husband shall pay to Wife the sum of $9,000 on December 19, 2018 as and for temporary spousal support. Such amount is taxable to her and deductible by him. Additionally, Husband shall pay Wife the sum of $3,000 per month as and for ongoing spousal support commencing on January 5, 2019, which sum shall be taxable to Wife and deductible by Husband. Such spousal support shall not be modifiable until Husband turns age 66 (October 1, 2021) or unless, notwithstanding Husband's age, he becomes unable to work in his profession/occupation due to illness, injury or both, unless either party dies, or unless Wife remarries or lives with another person in a relationship similar to marriage.

> When Husband reaches age 66 on October 12, 2021, his spousal support obligation shall become modifiable for any and all of the reasons set forth above and/or based on changed financial circumstances of one or both of the parties; provided, however, any investment income on the assets each party is receiving under this separation agreement shall not be considered by the Court in making a determination of changed financial circumstances and only changed financial circumstances after October 12, 2021 shall be relevant in determining changed financial circumstances.

{¶ 3} Further, the trial court's judgment of divorce provides that it retains jurisdiction for certain matters, including spousal support.

{¶ 4} During the parties' marriage, Gregory owned and operated a business, Rainbow Automatic Sprinkler Systems, Inc. Gregory bought out Anna Marie's interest in the business when they divorced. Further, as part of the division of property in the divorce Gregory paid Anna Marie a total of almost $1.3 million. In April 2022, Gregory sold the business for $420,000, to be paid at the rate of $60,000 over the following seven years.

{¶ 5} Prior to selling his business, in March 2022, Gregory filed a motion to modify or terminate his spousal support obligation. His reasons for seeking termination or modification were that he had turned 66 years old and was retiring. Gregory's motion to modify or terminate spousal support was heard before a magistrate at a hearing in April 2023. At the hearing, Gregory testified at length about the sale of his business. He further testified that he receives $2,950 in monthly social security benefits, minus $600 for taxes and Medicare.

{¶ 6} Anna Marie testified and submitted her tax returns for the years 2019 through 2021; she also submitted social security earning statements showing benefits she received from 2016 through 2021. Additionally, Anna Marie submitted the 2021 tax return for Gregory's business. Anna Marie testified that she receives $1,064 monthly in social security benefits.

{¶ 7} The magistrate denied Gregory's motion, finding that because of his lack of documentation, i.e., tax returns, the evidence was insufficient for a change-of-circumstances finding. The magistrate further found that the $60,000 annual payments to Gregory for the sale of his business is income. Gregory filed objections,

two of which challenged the magistrate's finding that (1) he did not produce sufficient evidence to meet his burden that a substantial change had occurred to either modify or terminate his spousal support obligation, and (2) proceeds from the sale of Gregory's business did not constitute investment income.

{¶ 8} After an independent review, which included the transcript from the hearing before the magistrate and the exhibits admitted into evidence, the trial court sustained the two objections.[1] Specifically, the court found sufficient evidence to demonstrate that Gregory proved changed circumstances. The court further found that funds Gregory received and will continue to receive from the sale of his business are "return on investments made in the business over the years." The court distinguished the "investment income" from "non-investment income" (i.e., social security benefits) and determined that his monthly support obligation to Anna Marie should be modified from $3,000 to $654.50. Anna Marie appeals, raising the following three assignments of error for our review:

I. The trial court erred when it determined that there was a substantial change in circumstance.

II. The trial court erred in finding that the income that appellee received from the sale of his business was investment income.

III. The trial court erred in failing to consider the statutory factors under R.C. 3105.18(C)(1) in modifying the spousal support award.

---

[1] Gregory attached documents to his objections that were neither introduced nor proffered at trial. The trial court stated that it did not consider those documents.

**Law and Analysis**

{¶ 9} Anna Marie's three assignments of error are interrelated and will be considered together. We first consider the trial court's jurisdiction over Gregory's motion. A trial court lacks jurisdiction to modify a prior order of spousal support unless the decree of the court expressly retained jurisdiction to make the modification. *Comella v. Parravano*, 2014-Ohio-834, ¶ 10 (8th Dist.); *see also* R.C. 3105.18. The parties agree that the trial court retained jurisdiction to modify Gregory's spousal support obligation.

{¶ 10} Our standard of reviewing decisions of a domestic relations court is generally the abuse-of-discretion standard. *Booth v. Booth*, 44 Ohio St.3d 142, 144 (1989). This court applies the abuse-of-discretion standard to decisions on motions to modify spousal support. *Mlakar v. Mlakar*, 2013-Ohio-100, ¶ 27 (8th Dist.); *Kline v. Kline*, 2012-Ohio-479, ¶ 3 (8th Dist.); *Abernethy v. Abernethy*, 2010-Ohio-435, ¶ 18 (8th Dist.). An abuse of discretion occurs if a court exercises its judgment in an unwarranted way regarding a matter over which it has discretionary authority. *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

{¶ 11} In addition to a reservation of jurisdiction, in order to modify a spousal support award a trial court must find that a substantial change in circumstances has occurred and that the change was not contemplated at the time of the original decree. *Comella*, 2014-Ohio-834, at ¶ 10 (8th Dist.). Anna Marie contends that the evidence was insufficient for the trial court to determine that

Gregory had a change in circumstances warranting a modification to his spousal support obligation and cites to his lack of documentation. We disagree.

{¶ 12} Sworn testimony is evidence. *See Parnell v. Zielinski*, 2024-Ohio-1789, ¶ 23 (8th Dist.). Although the magistrate, not the trial court judge, presided over the hearing, the trial court, not the magistrate, is the ultimate trier of fact. *In re A.S.*, 2019-Ohio-2359, ¶ 20 (1st Dist.). "'A magistrate is an arm of the court, not a separate judicial entity with independent judicial authority and duties.'" *Id.*, quoting *State ex rel. Dewine v. Ashworth*, 2012-Ohio-5632, ¶ 37 (4th Dist.). The trial court must make its own factual determination by undertaking an independent analysis of the issues. *In re A.S.* at *id*. In this case, the magistrate did not make a determination about Gregory's credibility; rather, the magistrate focused on Gregory's lack of documentation.[2]

{¶ 13} In addition to Gregory's testimony, the trial court relied on the business tax return Anna Marie submitted. In considering the evidence, the trial found that in 2021, Gregory had income in the amount of $260,422, and in 2022, he had income from his social security benefits in the amount of $28,476. On this evidence, the trial court found a change of financial circumstances.

---

[2] The situation here is different from an instance where a magistrate makes a credibility determination. Specifically, it has been held that when "a magistrate comments on credibility and the trial court does not take additional evidence . . . 'the judgment of the magistrate on issues of credibility is, absent other evidence, the last word on the issue for all practical purposes.'" *Mandelbaum v. Mandelbaum*, 2007-Ohio-6138, ¶ 103 (2d Dist.), quoting *Quick v. Kwiatkowski*, 2001-Ohio-1498, *4 (2d Dist.).

**{¶ 14}** The trial court's computation did not include the monies from the sale of Gregory's business, which the court deemed as a return on his investment and subject to exclusion for the purpose of modifying or terminating spousal support under the parties' separation agreement. The trial court did not cite any case law in support of its finding, and we have not found any directly on point either. The trial court did, however, cite the *Black's Law Dictionary* definitions of "investment," "salary," and "ordinary income":

> Investment. An expenditure to acquire property or assets to produce revenue; a capital outlay.

> Salary. An agreed compensation for services — especially professional or semiprofessional services — usually paid at regular intervals on a yearly basis, as distinguished from an hourly basis.

> Ordinary income. For individual income-tax purposes, income that is derived from sources such as wages, commissions, and interest (as opposed to income from capital gains).

April 2, 2024 trial court judgment, quoting *Black's Law Dictionary* (7th Ed. 1999).

**{¶ 15}** In considering the definitions, the trial court did not abuse its discretion in parsing out income and investment monies. The court apportioned "distributions" Gregory received from the business while he was still working at the business as income and excluded monies he received after he sold the business as investment funds.

**{¶ 16}** Anna Marie contends the trial court's apportionment of $28,476 in annual social security income for Gregory, whereas Gregory testified that he received $28,200, is indicative of the trial court's abuse of discretion. We disagree and note that higher figure (by $276) actually inures to Anna Marie's benefit.

{¶ 17} We also find the cases Anna Marie cites are distinguishable from this case. For example, she cites *Pickens v. Pickens*, 2019-Ohio-216 (4th Dist.). In *Pickens*, as part of the parties' divorce decree, the husband was also ordered to pay monthly spousal support to the wife and over 1.2 million dollars to equalize the division of property. The husband was allocated the family farm, which included the marital home; however, the wife continued to live in the marital home for nine years following the divorce. According to the husband, the wife let the property fall into disrepair and it necessitated over $10,000 in repairs. Presumably because of the disrepair, the husband withheld approximately $13,000 from a bank account that was allocated to the wife in the divorce; he also had not reimbursed her approximately $7,000 for medical and dental care for their minor child.

{¶ 18} Both parties filed contempt motions; the wife's contempt request was based on the withheld and unreimbursed monies and the husband's contempt request was based on the damages to the marital property. The husband also requested that he be granted a set off against his obligations for the wife's holdover and damages of his real property.

{¶ 19} The husband also filed a motion to terminate his spousal support obligation. As ground for his motion, the husband contended that there was a significant change in the wife's financial circumstances. According to the husband, the wife had "'been living off her property settlement, interest and . . . spousal support for nine years,'" and because that money was not previously available to her

"'[t]here has to have been a change in her financial circumstances from the time of the original order.'" *Pickens* at ¶ 24, quoting the husband.

{¶ 20} The *Pickens* Court upheld the trial court's denial of the husband's motion to terminate his spousal support obligation, stating that the wife's

> receipt of the property distribution proceeds and of the spousal support payments up until the time of the filing of the motion to terminate/modify spousal support, do not warrant the termination or modification of the support order. While the receipt of the property distribution proceeds and prior payments of spousal support amount to a significant amount of money, those proceeds were taken into account by the trial court as a basis for the existing award when it was established. Thus, receipt of those proceeds does not amount to a change in circumstances as contemplated under R.C. 3105.18(F).

*Id.* at ¶ 26.

{¶ 21} *Pickens* is distinguishable from this case. The husband in *Pickens* was arguing that the property settlement at the time of the parties' divorce constituted a change in circumstances because the wife had been living off of the settlement funds —which she previously did not have — since the time of the divorce. The ground on which the husband sought a modification of his spousal support obligation in *Pickens* was entirely different from the ground on which Gregory sought modification in this case.

{¶ 22} Another case Anna Marie cites, *Meister v. Meister*, 2000 Ohio App. LEXIS 4751 (8th Dist.), is also not helpful to her position. In *Meister*, the husband owned and operated a veterinarian practice and animal hospital at the time of the parties' marriage. The couple had four children during the course of their marriage. While still married, the husband became ill, retired, and sold his practice. He

received a down payment for the sale, and the remainder was to be paid in installments. Thereafter, the wife filed a divorce complaint.

{¶ 23} Among other things, the trial court awarded the husband the proceeds from the sale of his practice and hospital as his separate property. The trial court ordered the husband to pay child and spousal support. The wife appealed, challenging, in part, the amount of child and spousal support the trial court awarded. The *Meister* Court agreed with the wife as it related to the child support order: "any profit [the husband] received from the sale of his practice and the real estate associated with it should be included as income for the purposes of calculating child support." *Id.* at *14.

{¶ 24} *Meister* is distinguishable from this case in that the sale of the disputed practice occurred *while* the parties were still married. In this case, Gregory did not sell his business until more than two years after the parties' divorce and after Anna Marie had already received her marital portion of the value of the business. And Anna Marie does not contend that the change in Gregory's financial circumstances was contemplated at the time of the parties' divorce, and we find no evidence that it was.

{¶ 25} Finally, Anna Marie contends that the trial court's judgment should be reversed because the court failed to consider the statutory factors under R.C. 3105.18(C)(1). We disagree. Gregory's motion to modify his support obligation was based on a change of financial circumstances because of retirement, and the court considered that. There is no requirement for a trial court to list and comment

upon each factor under R.C. 3105.18 when addressing spousal support. *See Cox v. Cox*, 2007-Ohio-5769, ¶ 26 (3d Dist.), citing *Blackledge v. Blackledge*, 2004-Ohio-2086, ¶ 21 (5th Dist.).

{¶ 26} On this record, the trial court did not abuse its discretion in modifying Gregory's spousal support order. Anna Marie's three assignments of error are therefore overruled.

{¶ 27} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
DEENA R. CALABRESE, J., CONCUR